A93A0144. GREESON HOMES CORPORATION v. VOSS et al.
A93A0145. REDMAN HOMES, INC. v. VOSS et al.
(432 SE2d 271)

McMURRAY, Presiding Judge.
Plaintiffs Jerry Voss and Sherry Voss brought suit against Redman Homes, Inc. ("Redman"), and Greeson Homes Corporation ("Greeson") seeking damages stemming from the purchase of a mobile home built by Redman and sold by Greeson. The case proceeded to trial and plaintiffs rested their case. Thereupon, defendants moved for a directed verdict. The trial court denied defendant Greeson's motion for a directed verdict and granted defendant Redman's motion for a directed verdict. Thereupon, plaintiffs stated they wished to reopen their case to present additional evidence and the trial court gave plaintiffs permission to do so. However, instead of presenting additional evidence, plaintiffs filed a "dismissal without prejudice" and

thereby "move[d] to dismiss . . . without prejudice." These appeals followed. Nearly four months later, the trial court entered a nunc pro tunc order which reads: "As reflected by the transcript of trial, the Court has made the following orders during the course of trial: (1) The motion for directed verdict by [Greeson] was denied. (2) The motion for directed verdict by [Redman] was granted. (3) The Court vacated its order granting directed verdict to [Redman]. (4) The Court permitted plaintiffs Jerry Voss and Sherry Voss to reopen the evidence." *Held*:

OCGA § 9-11-41 (a) provides, in pertinent part: "[A]n action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal." This Code section makes plain that after a plaintiff rests his case, he cannot voluntarily dismiss unless he obtains the trial court's permission and an order.

In the cases sub judice, the record does not reflect the entry of an order permitting the voluntary dismissal of this case. See generally *In the Interest of J. B.*, 195 Ga. App. 520 (394 SE2d 143) (absence of written order presents nothing for review). It follows that these appeals are premature and must be dismissed. *Dowdy v. White*, 119 Ga. App. 793 (168 SE2d 595).

*Appeals dismissed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993.

*Russell, Adamson & Stell, Robert W. Adamson, John E. Stell, Jr., Michael C. Pruett*, for appellant (case no. A93A0144).

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Milton F. Eisenberg II*, for appellant (case no. A93A0145).

*William C. Bushnell, Edward M. Broussard*, for appellees.