## 38412. UPTON v. DUCK.

HILL, Presiding Justice.

These parties were divorced in 1979 and the decree incorporated a separation agreement providing that the husband would pay the wife $200 per month alimony and $200 per month child support.

In August, 1981, the former wife filed a petition for contempt for nonpayment of alimony and child support. The record contains no pleadings filed by the former husband. The trial court found the former husband to be $2725 in arrears in child support payments but found "there was a cohabitation between the parties since the time of the divorce decree [1979] and this court finds that no alimony is therefore due plaintiff."

We granted the former wife's application to appeal. She enumerates three alleged errors.

1. The former wife urges that the trial court erred in finding that

no alimony was due her based on cohabitation between the parties since the divorce.

Once entered, a judgment is not subject to revision except as authorized by law. Code § 30-217, which provides that "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provisions made, either by deed or decree, for permanent alimony," is applicable to voluntary cohabitation of husband and wife (where there has been an award of separate maintenance); this Code section is not applicable to cohabitation of a former husband and wife. *Peebles v. Peebles,* 186 Ga. 222 (197 SE 783) (1938); see *Travis v. Travis,* 227 Ga. 406, 408 (181 SE2d 61) (1971).

Code Ann. § 30-220, the so-called "live-in-lover" statute, provides for modification of permanent alimony subsequent to divorce based on voluntary cohabitation (defined as dwelling together continuously and openly) with a third party in a meretricious relationship. The trial court here found "a cohabitation." Moreover, the "live-in-lover" statute is applicable to cohabitation with a third party, not a former spouse. The purpose of the "live-in-lover" statute would not be served by interpreting the words "third party" to include the first and second parties.

Code § 30-204 allows revision of temporary alimony, not permanent alimony. Code § 30-220 (a) is not applicable here because the former husband did not petition for revision based on change in financial condition.

Finding no law allowing revision of this permanent alimony judgment, we reverse the order of the trial court insofar as it found no alimony due the former wife by reason of a cohabitation between the parties since their divorce.

2. The former wife urges that the trial court erred in finding the former husband in arrears in paying child support but not finding him in contempt of court. (The trial court ordered that the $2725 arrearage be paid in full at the rate of $200 per month.) There is no transcript of the contempt hearing and we find no error.

3. The former wife enumerates as error that "the court failed to award interest to plaintiff." In support of this enumeration the wife says only: "We all know that every judgment earns interest and the court abused its discretion by refusing to add interest to the amount due. Appellant claims she is entitled to 12% interest from the date of the judgment." In these times, the issue of interest on unpaid child support payments is a significant question. However, the wife appears to be urging that the court erred as a matter of law, and by abusing its discretion. If the question is one of discretion, we have no transcript. If it is a question of law, then the question arises whether

an order on a contempt petition determining an arrearage is a judgment within the meaning of Code Ann. § 57-108 (as amended by Ga. L. 1980, p. 1118). In view of the importance of this issue and the absence of the transcript and of any citation of authority or argument (other than that quoted above, which is no more than a restatement of the enumeration of error), we do not reach this enumeration of error. Rule 45.

*Judgment reversed in part; affirmed in part. All the Justices concur, except Weltner, J., disqualified.*

DECIDED APRIL 7, 1982.

*J. Eugene Wilson,* for appellant.
*Arthur K. Steinberg,* for appellee.