74907, 74908. GIELOW v. STRICKLAND et al.; and vice versa.
(363 SE2d 278)

BENHAM, Judge.

The plaintiffs' suit against Gielow for the wrongful death of their daughter resulted in a verdict in favor of the plaintiffs for $750,000. In Case No. 74907, Gielow appeals from the judgment entered on that verdict. In Case No. 74908, the plaintiffs cross-appeal from the judgment entered on a verdict awarding them zero damages on their abusive litigation claim.

1. Anticipating that plaintiffs' counsel would argue that the jury

should punish the defendant by entering a sizable verdict against him, defense counsel requested that the trial court forbid such an argument. The trial judge ruled that it would not charge the jury on the penal nature of wrongful death actions, but permitted plaintiffs' counsel to argue that point.

Plaintiffs point to *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 889 (311 SE2d 193) (1983), for authority that there was no error in permitting the argument. However, that decision did not have the general concurrence of a full division of this court since one judge concurred in the judgment only. It is, therefore, not a binding precedent. *Haynes v. Hoffman*, 164 Ga. App. 236 (2) (296 SE2d 216) (1982). Being free to consider the issue anew, we choose not to follow the holding in that case.

The language discussed in *Reliance Ins. Co.*, supra, was a quote from *Savannah Elec. Co. v. Bell*, 124 Ga. 663, 668 (53 SE 109) (1905), where the Supreme Court was explaining that the reason the legislature established a measure of damages which would provide more than compensation for plaintiffs in wrongful death actions was to provide a punishment for carelessness which was not provided by the criminal law. It is because the statute is itself punitive that punitive damages are not permitted in wrongful death actions. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331 (7) (319 SE2d 470) (1984). It should be noted that the decision to punish was the legislature's, and that it chose to do so by prescribing a particular measure of damages. There is nothing in the statute or in the case law to indicate that the jury is to be permitted to increase the amount of the award to express outrage at the manner in which the defendant caused the death of another.

A suggestion to the jury that it increase its award for the purpose of punishing the defendant is, therefore, a suggestion that the jury use some other measure of damages than that prescribed by statute. We cannot countenance argument which urges a jury to do something not authorized by the statute governing the action for the trial of which that jury was impaneled. We hold, therefore, that the trial court's decision to permit plaintiffs' counsel to argue the punitive nature of the action was error.

Plaintiffs' argument that defendant cannot raise the issue because he did not object to the argument when made is without merit: since defendant, in effect, made a motion in limine seeking an order forbidding the argument, and the trial court denied that relief, no objection was necessary to preserve the issue for appellate review. Cf. *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (1) (260 SE2d 20) (1979).

The harm caused by the error became apparent during jury deliberation. The jury sent a communication to the trial judge as fol-

lows: "It is our understanding that the statute governing the award of damages considers two types of monetary dispensation: one, punitive; two, compensatory. Is the insurance company who insured the Gielow vehicle liable for the total amount of damages awarded?" Defendant asked for a mistrial and, when that was denied, an instruction that punitive damages could not be awarded. The trial court, instead, merely told the jury that "punitive damages is a legal concept relating to a separate award of damages as a separate element and a separate item. You are entitled to bring an award, as I have instructed you, relating to the full value of the life based on the statute as I have explained it." Defendant objected to the charge. The court's recharge, especially when considered in light of the inappropriate argument and the jury's question, was such as to "confuse the jury and cause them to adopt a measure of damages which they might not otherwise use . . . [Cit.]" *Trust Co. v. Kite*, 164 Ga. App. 119, 121 (294 SE2d 606) (1982). The error in permitting the argument and in the recharge require reversal of the judgment of the trial court.

2. Plaintiffs called defendant to testify by deposition, then offered evidence of defendant's prior felony conviction for impeachment. The admission of that impeaching evidence is enumerated as error.

Although plaintiffs contend on appeal that defendant was called for the purpose of cross-examination, the record does not support that assertion. Where a party calls the opposite party to testify without an announcement that the witness is called for cross-examination, the witness is the calling party's witness. *Wight Hardware Co. v. American Lubricants Co.*, 91 Ga. App. 339 (2) (85 SE2d 507) (1954). "A party may not impeach his own witness without a showing of entrapment. OCGA § 24-9-81." *Hood v. State*, 179 Ga. App. 387, 389 (346 SE2d 867) (1986). It was error to permit the introduction of the felony conviction to impeach the defendant.

3. Other issues raised by defendant on appeal depend on the conduct of the trial and the nature of the evidence presented. Since those may be different in the event of a retrial, we need not rule on those issues at this time.

4. In Case No. 74908, plaintiffs cross-appeal from the judgment entered on a jury verdict awarding them zero dollars on their abusive litigation claim. Their argument, basically, is that a finding for them required an award of damages. However, we cannot say that the verdict was for them: "The jury verdict for zero damages on [that] claim was a judgment for the [defendant]. [Cit.]" *Menchio v. Rymer*, 179 Ga. App. 852 (3) (348 SE2d 76) (1986). Although the evidence clearly authorized a finding that plaintiffs were entitled to damages on the abusive litigation claim, we are not convinced that an award of such damages was demanded. That being so, we find no error in the trial

court's entry of judgment on that verdict.

*Judgment reversed in Case No. 74907. Judgment affirmed in Case No. 74908. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1987 —
REHEARING DENIED NOVEMBER 25, 1987 —

*B. Dean Grindle, Jr., Charles K. Higgins,* for appellant.
*Joe C. Freeman, Jr., Warner S. Fox, Michael J. Goldman,* for appellees.