In re AMERICAN BUILDING CONSULTANTS, INC.,
Debtor.

WACHOVIA BANK OF GEORGIA, N.A., f/k/a the First National Bank of Atlanta, Movant,

v.

AMERICAN BUILDING CONSUL-TANTS, INC. and Harry W. Pettigrew, Chapter 7 Trustee, Respondents.

Bankruptcy No. A90–10379–JB.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Jan. 21, 1992.

William J. Layng, Atlanta, Ga., for movant.

Robert H. McKnight, Atlanta, Ga., for respondents.

Harry W. Pettigrew, Atlanta, Ga., Chapter 7 Trustee.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This Chapter 7 case is before the Court on the motion by Wachovia Bank of Georgia, N.A. ("Wachovia") for authorization to

set off money in debtor's checking account. Wachovia seeks to set off funds in the amount of $18,293.61 to pay its debt and to pay any remaining funds to the Chapter 7 trustee. The balance in the account is approximately $27,000.00. The trustee supports Wachovia's motion, but an objection was filed by creditor DCA Architects, Inc. ("DCA"). DCA claims that the funds in debtor's checking account are held in constructive trust for the benefit of DCA and are not property of the estate.

Following a hearing on the matter, the parties filed briefs. After considering the briefs and argument of counsel, the Court concludes that DCA does not have a constructive trust on these funds.

The facts, briefly stated, are as follows. Debtor was engaged by Hephzibah Children's Home, Inc. ("Hephzibah") to design an orphanage. DCA acted as a subcontractor and performed architectural services for the project from July 5, 1988 until February 6, 1989. Prior to and during the time DCA was performing services on the project, Hephzibah made payments to debtor. Debtor was paid in full by Hephzibah, and the final payment by Hephzibah to debtor was made on February 6, 1989. Debtor never paid DCA in full for its work.

DCA never filed a claim of lien pursuant to O.C.G.A. § 44–14–361.1. The parties here have stipulated that debtor did not give a sworn written statement to Hephzibah as described in O.C.G.A. § 44–14–361.2 which provides for the dissolution of a lien. DCA filed a lawsuit against debtor and its principal in the State Court of Gwinnett County on June 15, 1989 and obtained a judgment on June 11, 1990 against debtor in the amount of $95,412.46, approximately $64,000.00 of which relates to services performed on the Hephzibah project.

On June 22, 1990, DCA filed a garnishment action on debtor's checking account at Wachovia. On July 25, 1990, prior to answering the garnishment, Wachovia set off the checking account and applied the funds to a note it had from the debtor. Debtor filed a Chapter 7 petition on August 1, 1990, and Wachovia returned the funds it had applied as a setoff to debtor's checking account.

The issue raised by DCA's objection to Wachovia's motion is whether Georgia law imposes a constructive trust in favor of a subcontractor on funds paid by an owner to a contractor when the subcontractor has not filed a lien, but when the owner has paid the contractor in full during the time the subcontractor could have filed a lien. None of the parties has cited any case precisely on point.

DCA argues that the law imposes a constructive trust in its favor on the funds paid by Hephzibah to debtor. The trustee argues that the constructive trust doctrine does not apply, because DCA did not file a claim of lien against the real estate within three months after completion of the work pursuant to O.C.G.A. § 44–14–361.1(2). DCA responds by arguing that constructive trust protection applies here even though DCA did not file a lien.

DCA relies primarily on *Bethlehem Steel Corporation v. Tidwell*, 66 B.R. 932 (M.D.Ga.1986). There, the debtor had paid the materialman during the 90–day period following delivery of the last lienable item, i.e., during the time period for filing a lien under O.C.G.A. § 44–14–361.1. The debtor in *Bethlehem* filed for bankruptcy within 90 days of the payments, and the trustee sued the materialman in an attempt to recover the payments as preferences under 11 U.S.C. § 547. The court framed the issue before it as whether under Georgia law, the debtor had a property interest in the payments it received from the owner. The court concluded that the debtor did not have a property interest and that thus the payments were not recoverable as preferences, because Georgia law imposed a constructive trust on the funds owed to the materialman. DCA argues that a constructive trust was similarly imposed here on the funds paid by Hephzibah to debtor.

There are meaningful differences between the facts of this case and the facts in *Bethlehem*. In the case at bar, debtor did not pay DCA within the 90–day period in which DCA could have filed a lien, and, as stated before, DCA did not file a lien. A

significant fact in the *Bethlehem* court's reasoning was that the materialman there could not file a lien under Georgia lien laws because it in fact was paid for all the materials it supplied. Analyzing the type of protection afforded a materialman under the Georgia lien laws, the court in *Bethlehem* stated, in pertinent part:

> This decision is a narrow one, however, and should not be construed to mean that all payments made to a contractor by an owner for work done on its property do not constitute property of the contractor. In order to better explain the court's decision, it might be helpful to detail when such payments would or would not be subject to the constructive trust fund doctrine.... The portion of the payments that does not exceed the amount owed to the materialman would be subject to the constructive trust fund doctrine if the payments are made to the contractor during the period of time when the materialman either enjoys the right to file a lien on the owner's property or she already has a valid lien on the owner's property. This protection for the materialman is lost, however, if the materialman is *actually paid* after he loses the right to file a lien on the owner's property. If the materialman wishes to invoke the constructive trust fund doctrine protection after the statutory grace period to file a lien lapses, he must secure a lien on the property before the end of the statutory grace period ... Finally, the constructive trust fund doctrine can be asserted in the situation where an owner has yet to pay its contractor for the materials supplied, the contractor goes bankrupt, and a materialman with either a valid lien on the owner's property or with a right to file a lien on the owner's property exists.... Again, if the materialman does not have a valid lien or is incapable of perfecting a lien at that time, he cannot assert the constructive trust fund doctrine.

*Bethlehem Steel Corp. v. Tidwell*, 66 B.R. at 940.

This discussion in *Bethlehem* strongly suggests that the constructive trust fund doctrine should not apply here where the materialman has not taken the steps available to it to secure a lien under the Georgia materialman's lien laws. Here, DCA did not have a valid lien and it allowed the 90–day period for filing a claim of lien to lapse. The bankruptcy here was not filed until some 18 months after the period for filing a lien had expired, and so the bankruptcy did not prevent DCA from filing a lien.

■ DCA next argues that filing a lien against the real estate would have been an "immediately voidable, basically useless act." (Tr. at 13). DCA contends that if it had filed a claim of lien, Hephzibah could have discharged it immediately and that if DCA had refused to remove the lien, DCA would have been subject to a damages claim. DCA contends that O.C.G.A. § 44–14–361.2 provides that the owner can discharge a lien when he has paid the general contractor in full. However, this is not exactly what the Georgia statute provides. O.C.G.A. § 44–14–361.2 titled "Dissolution of Lien" provides, among other things, that a lien shall be dissolved when the owner makes the final disbursement to the contractor *if* the owner shows that he has obtained the contractor's sworn written statement that the agreed price or reasonable value of the services have been paid to the lien claimant or have been waived in writing by the lien claimant. Thus, a lien cannot be discharged simply by payment in full to the contractor, but the owner must also obtain a sworn written statement from the contractor that the contractor has paid the materialman who filed the lien. Here, debtor did not provide the owner Hephzibah with any such sworn statement, and so a lien filed by DCA would not have been immediately dissolved by the final payment from Hephzibah to the debtor.

■ The trustee has argued that DCA should have filed a preliminary notice of lien pursuant to O.C.G.A. § 44–14–361.3. Filing a preliminary notice of lien is optional, and it is not a prerequisite for filing a claim of lien in Georgia. Thus, the Court does not accept the trustee's argument that in order to have a constructive trust, a materialman must file a preliminary notice

**1018**

of lien. On the other hand, DCA's argument that it would have been sued by the owner for failing to cancel a preliminary notice of lien had it filed one is difficult to understand. O.C.G.A. § 44–14–362(a) only requires a cancellation of the preliminary notice of lien by the lien claimant if the lien claimant has received final payment after all labor services and materials have been furnished. Since DCA contends that it did not receive any such final payment, it is not clear how DCA would have been required to cancel a preliminary notice of lien.

 DCA also argues that it did not file a lien, because it relied on debtor's verbal assurances that the debtor would pay DCA in full. DCA has not cited any law in Georgia that excuses a materialman from filing a claim of lien in reliance on the contractor's verbal promises to pay. These alleged verbal assurances are insufficient to impose a constructive trust.

DCA finally argues that a criminal statute in Georgia, O.C.G.A. § 16–8–15, setting forth the obligation of a contractor to pay a subcontractor is in and of itself sufficient to create a constructive trust in favor of a materialman whenever a contractor is paid by the owner, notwithstanding the materialman's failure to file a lien. The case law does not support such a broad holding. While the cases refer to the criminal statute as a factor in the imposition of a constructive trust when the materialman himself has been paid within the lien period or when the materialman has done all he can do under the Georgia materialman's laws to perfect his lien, the cases do not suggest that the criminal statute alone is sufficient to create a trust when the materialman has neither been paid or filed a lien.

What DCA is really arguing is that whenever an owner pays a contractor in full during the time that a lien claimant could file a lien, a lien claimant should be excused from filing a lien and should have a constructive trust as to the funds. The Court is not persuaded that such a holding is "necessary to preserve the statutory framework of the Georgia materialmen's lien laws." *Bethlehem,* 66 B.R. at 940.

Prior to the hearing on this matter, DCA filed a brief in which it also objected to Wachovia's motion to set off the funds in debtor's checking account on the ground that Wachovia's efforts to recover personal property securing Wachovia's claim against the debtor were insufficient. At the hearing, Wachovia's counsel described his client's efforts to recover the personal property at issue in some detail, and DCA raised no further objection. Accordingly, that objection is overruled.

In accordance with the above reasoning, Wachovia's motion for authorization to set off $18,293.61 in debtor's checking account and to pay the remaining funds from said account to the Chapter 7 trustee is GRANTED.

IT IS SO ORDERED.