A95A1200. DOYLE DICKERSON COMPANY v. DURDEN.
(461 SE2d 902)

McMURRAY, Presiding Judge.

This is an unusual action seeking damages for the conversion of funds. Plaintiff Doyle Dickerson Company was a subcontractor on a construction project and in that capacity provided labor and materials to the M. E. Durden Construction Company, Inc. (hereafter "Durden, Inc."). While Durden, Inc. was paid in full for the labor and materials provided on the project, it did not pay plaintiff but expended the funds it had received to pay for other expenses. Plaintiff did not exercise its lien rights and they expired.

The complaint maintains that the funds received by Durden, Inc. as payment for the improvement of real property were subject to a trust in favor of those who furnished labor and materials used in completing the improvements. The complaint also alleges that defendant Durden, the president and sole shareholder of Durden, Inc., know-

ingly converted the trust funds including those sums that were due plaintiff. Durden, Inc. has ceased operations, filed a bankruptcy petition and been liquidated.

Defendant moved for summary judgment arguing that there was no viable claim for conversion since plaintiff did not have any title or right of possession in the funds received by Durden, Inc. This position is premised in large part on authority from the United States Bankruptcy Court which holds that Georgia law does not impose a constructive trust in favor of a subcontractor on funds paid by an owner to the contractor on a construction project when the subcontractor did not file a lien. Plaintiff replies that insofar as they condition the imposition of a constructive trust on the filing of a lien on the property, the bankruptcy cases are wrong.

The superior court considered the case on opposing motions for summary judgment. The plaintiff appeals from the grant of defendant's motion for summary judgment and the denial of its own. *Held*:

The latest of the bankruptcy cases holding that a constructive trust fund doctrine is viable in Georgia, but is available only to protect those persons entitled to file liens under the Georgia materialmen's lien laws is *In re Amarlite Architectural Prods.*, 178 B. R. 904 (Bankr. N. D. Ga. 1995). This case adds to a line of authority which can be traced back at least nine years to *Bethlehem Steel Corp. v. Tidwell*, 66 B. R. 932, 939 (Bankr. M. D. 1986). Under this line of cases, the constructive trust fund doctrine does not apply where the materialman has not taken the steps available to it to secure a lien under the Georgia materialmen's lien laws. *In re American Building Consultants*, 138 B. R. 1015, 1017 (Bankr. N. D. Ga. 1992). In the case sub judice, plaintiff allowed the period of time for filing a lien to lapse.

We have not found any recent Georgia cases which directly address the issues decided in these federal cases. Therefore, we are in an unusual posture in that the primary authority which directly addresses the issues at hand is not binding precedent, but instead reflects the best guess of the federal courts anticipating how the Georgia appellate courts would rule. Under the facts presented on this appeal, we need not embrace all that is written in the federal cases in order to reach our holding, that plaintiff had no property interest in the funds allegedly converted and therefore plaintiff's conversion claim lacks merit. See *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497, 498 (2) (300 SE2d 328). Therefore, the superior court did not err in granting defendant's motion for summary judgment and we affirm the judgment below.

OCGA § 16-8-15 states, in part, that any person who with intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than

to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid, commits a felony. The statute further provides that a failure to pay for material or labor furnished for such property improvements shall be prima facie evidence of intent to defraud. We do join with the bankruptcy court in holding that this criminal statute does not alone provide authority for the creation of a constructive trust. See *In re Amarlite Architectural Prods.*, supra. In this connection we note that there is nothing in the criminal statute which makes explicit provision for the creation of a property right such as suggested by plaintiff. Nor do we believe such was intended by the opinions in such cases as *Johnson v. State*, 203 Ga. 147, 150-151 (45 SE2d 616) and *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 646-647 (171 SE2d 782) which use the words trust or trustee, but only in describing the criminal offense. Also, the violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who claims to have been injured thereby since reference must be made to the applicable provisions of tort law. *Rolleston v. Huie*, 198 Ga. App. 49, 50 (2) (400 SE2d 349).

We further hold that while the viability of the constructive trust fund doctrine (sometimes referred to as the "construction" trust fund doctrine) in Georgia is not controverted in the case sub judice, there is no rational basis presented on this appeal for extending this concept beyond the parameters stated in the various bankruptcy cases cited in this opinion. There is no explicit statutory basis for such a doctrine in this State. Insofar as the doctrine arises in Georgia, it must be predicated upon general principles of equity and on statutory lien law. See *Bethlehem Steel Corp. v. Tidwell*, supra. Neither of these provides a logical basis for imposing a trust for the benefit of a plaintiff who has neglected to utilize the protection already afforded under our lien laws.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 15, 1995 —
RECONSIDERATION DENIED SEPTEMBER 1, 1995 —

*Smith, Howard & Ajax, Larry S. McReynolds, Scott D. Cahalan,* for appellant.

*Wasson, Sours & Harris, Edward H. Wasson, Jr.,* for appellee.