A99A0326. KEY et al. v. GRANT.
(520 SE2d 277)

MCMURRAY, Presiding Judge.

Kevin Lewis shot and killed 18-year-old Victor Key ("the decedent") during a late night brawl. The decedent's father, Vance Key, Sr., and decedent's mother, Connie Jones Key, individually and as the decedent's estate's temporary administrator, filed this wrongful death action against Pasqual Grant, alleging that Grant negligently passed a loaded handgun to Lewis just before the fatal shooting. The Keys filed this appeal after a jury returned a verdict for Grant. *Held*:

1. The Keys contend that the trial court erred in granting Grant's motion in limine to exclude their claim against Grant based on his alleged violation of OCGA § 16-5-60 (b). This Code subsection makes conscious disregard for the safety of others a crime.

Violation of a criminal statute does not always give rise to civil liability. See *Doyle Dickerson Co. v. Durden*, 218 Ga. App. 426, 428 (461 SE2d 902); *Cechman v. Travis*, 202 Ga. App. 255 (1) (414 SE2d 282); *Rolleston v. Huie*, 198 Ga. App. 49, 50 (2) (400 SE2d 349); *Oswald v. American Nat. Can Co.*, 194 Ga. App. 882, 883 (392 SE2d 26); *Sparks v. Thurmond*, 171 Ga. App. 138, 142 (5) (319 SE2d 46), but, civil liability may be authorized where the legislature has indicated a strong public policy for imposing a civil as well as criminal penalty for a violation of a penal statute. See *Spires v. Goldberg*, 26 Ga. App. 530 (1) (106 SE 585).

In *McEachern v. Muldovan*, 234 Ga. App. 152 (505 SE2d 495), a majority of this Court held that civil liability was authorized in a wrongful death (handgun shooting) case based on an alleged violation of OCGA § 16-11-101.1 — a penal statute which was said to be aimed at protecting minors from their own inability to protect them-

selves from their dangerous conduct when in possession of handguns. Id. at 161 (3), supra. This public safety objective seems to be no different than the legislative objective behind Georgia's reckless conduct statute, OCGA § 16-5-60 (b). To this extent, the Supreme Court of Georgia held in *State v. Boyer*, 270 Ga. 701 (512 SE2d 605), that OCGA § 16-5-60 (b) is directed at "limiting the risks that one person will cause another, and does so in terms that advise a person of ordinary intelligence that the behavior here alleged is prohibited." Id. at 703, supra. Consequently, since a person of ordinary intelligence would know that handing a loaded handgun to a confederate during a late night brawl is the sort of conduct prohibited under OCGA § 16-5-60 (b), since the decedent appears to fall within the class of persons this statute was intended to protect and since the shooting at issue was the type of harm Georgia's reckless conduct statute was aimed at guarding against, the trial court erred in granting Grant's motion in limine to exclude the Keys' claim against Grant based on his alleged violation of OCGA § 16-5-60 (b). See *McEachern v. Muldovan*, 234 Ga. App. 152, 161 (3), supra, and *Potts v. Fidelity Fruit &c. Co.*, 165 Ga. App. 546, 547 (301 SE2d 903).

2. The Keys contend the trial court erred in admitting evidence of the decedent's brother's prior convictions for aggravated assault, felony possession of marijuana and selling marijuana. The Keys also challenge the trial court's admission of the decedent's father's prior convictions for selling cocaine and for theft by conversion.

An abuse of discretion is generally the only basis for overruling a trial court's judgment as to evidence's relevancy. *Ga. American Ins. Co. v. Varnum*, 179 Ga. App. 195, 196-197 (2) (345 SE2d 863). The existence of such an abuse may be measured by weighing the challenged evidence's probative value against the risk that its admission misled the jury or created a substantial danger of unfair prejudice or confusion. *Metropolitan Property & Liability Ins. Co. v. Shepherd*, 166 Ga. App. 300, 301 (1) (304 SE2d 74). In the case sub judice, Grant contends the decedent's brother's and father's criminal records were relevant to diminish the full value of the decedent's life, but does not explain why.

While the range of proof in determining the full value of a deceased's life is broad, we find no reasonable basis for holding that a decedent's father's and brother's criminal records are relevant to any aspect of such a valuation. See *Consolidated Freightways Corp. v. Futrell*, 201 Ga. App. 233, 234 (3) (410 SE2d 751). Grant presented no proof that criminality is an inherited or learned trait. Nor did he otherwise show that the decedent's father's and brother's criminal leanings would have limited the decedent's future employability, earning capacity, or life expectancy. Evidence of the decedent's father's and brother's respective criminal records was therefore not

shown to be probative as to any issue before the jury. The controlling issue then is whether this evidence unfairly prejudiced the jury's verdict. The Keys argue that the evidence in question prejudiced the jury by injecting room for stereotyping the men in the decedent's family as valueless criminals.

Although we cannot be certain that evidence of the decedent's father's and brother's criminal records prejudiced the jury against the Keys, the danger that this evidence clouded the Keys' claims — without any probative value in exchange — is too high to dismiss as harmless. The Keys were entitled to a trial based on relevant evidence — not on evidence which indicated that their family was composed of criminals who were not worthy of an award for the decedent's loss. The trial court's error in admitting evidence of the decedent's father's and brother's criminal records requires a new trial. See *Gielow v. Strickland*, 185 Ga. App. 85, 87 (2) (363 SE2d 278), holding that the trial court erred in a wrongful death action in allowing the introduction of a defendant's felony conviction for impeachment purposes.

3. The trial court did not abuse its discretion in excluding evidence of the decedent's juvenile record for running a stop sign, no proof of insurance and unlawful use of a driver's license. Compare *Gust v. Jones*, 162 F3d 587, 595-596 (1998); *Wilson v. Union Pacific R. Co.*, 56 F3d 1226, 1231 (1995), and *Meller v. Heil Co.*, 745 F2d 1297, 1303 (1984).

4. The Keys' remaining five enumerations of error challenge the trial court's refusal to give certain requested jury instructions. These enumerations of error, however, are not supported by argument or citation of authority. The Keys merely quote the pattern jury instructions and a written jury instruction which they contend the trial court should have given. Argument which is no more than a restatement of the enumeration of error provides no basis for appellate review. *Upton v. Duck*, 249 Ga. 267, 268 (3), 269 (290 SE2d 92). We, therefore, deem the Keys' final five enumerations of error abandoned pursuant to Court of Appeals Rule 27 (c) (2). See *Jett v. State of Ga.*, 230 Ga. App. 655, 656 (1) (498 SE2d 274).

*Judgment reversed. Ruffin, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

I concur in Divisions 2, 3 and 4, and in the judgment. I write separately because I disagree with the majority's conclusion in Division 1.

OCGA § 16-5-60 is a criminal provision. "The violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who claims to have been injured thereby." (Citations

and punctuation omitted.) *Rolleston v. Huie*, 198 Ga. App. 49, 50 (400 SE2d 349) (1990). I find no instance where this Code section has been used to create a private cause of action in tort in favor of an alleged victim. Moreover, there is nothing within the provisions of this section which affords a basis for a civil action by an alleged victim. See *Rolleston*, supra.

In addition, the crime of reckless conduct is, in essence an instance of criminal negligence, which

> implies, not only knowledge of probable consequences which may result from the use of a given instrumentality, but also wilful or wanton disregard of the probable effects of such instrumentality upon others likely to be affected thereby. Criminal negligence is something more than ordinary negligence which would authorize a recovery in a civil action. Criminal negligence as used in our Code is the reckless disregard of consequences, or a heedless indifference to the rights and safety of others, and a reasonable foresight that injury would probably result.

(Citation and punctuation omitted.) *Bohannon v. State*, 230 Ga. App. 829, 830-831 (498 SE2d 316) (1998).

A review of the transcript in this case shows there is no evidence that Grant was criminally negligent. There was no testimony that Lewis had a propensity for violence, that Lewis had ever threatened to shoot or harm Key, or that Lewis had ever shot or harmed, or threatened to shoot or harm, anyone. Therefore, there is nothing in the record tending to prove that Grant should have known that the probable consequence of his handing the gun to Lewis was that Lewis would kill Key. Thus, there was no evidence that Key's death was a reasonably foreseeable result of Grant's action. Accordingly, the trial court correctly granted Grant's motion in limine prohibiting any reference to a violation of OCGA § 16-5-60 (b).

DECIDED JULY 6, 1999.

*H. Lehman Franklin, Jr.*, for appellants.

*Brown & Livingston, Charles H. Brown, Becky D. Livingston*, for appellee.