Chrystel M. CONNER, Plaintiff,

v.

Teresa TATE, individually,
et al., Defendants.

No. CIV.A.1:00–CV–1723–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 9, 2001.

James Brian Sullivan, Office of Jim Sullivan, Jonesboro, for Chrystel M. Conner, plaintiffs.

James R. Argo, Jr., Office of James R. Argo Jr., Lawrenceville, Michael Allen O'Quinn, Gary Kevin Morris, O'Quinn & Cronin, McDonough, for Teresa Tate, individually, James R. Risher, Jimmy W. Mercer, Gary Freedman, David Crumpler, Mark Miller, individually and as employees of Henry County, Georgia, Henry County, Georgia, defendants.

## ORDER

THRASH, District Judge.

This is a civil action seeking damages for alleged violations of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510 *et seq.* ("Wiretap Act"); the Electronics Communications Privacy Act, 18 U.S.C. § 2701 *et seq.,* governing access to certain stored electronic records; the Georgia Wiretap Act, O.C.G.A. § 16–11–60 *et seq.;* and O.C.G.A. § 16–10–1. It is before the Court on Defendant Henry County's Motion to Dismiss [Doc. 9], Defendant James R. Risher, Jimmy W. Mercer, Gary Freedman, David Crumpler and Mark Miller's Motion for Partial Judgment

on the Pleadings [Doc. 10], and Plaintiff's Motion to Amend her Complaint [Doc. 15].

### I. BACKGROUND

On July 10, 2000, Plaintiff filed this action against Defendants Teresa Tate, James R. Risher, Jimmy W. Mercer, Gary Freedman, David Crumpler, Mark Miller, and Henry County, Georgia. Plaintiff's lawsuit alleges that the Defendants violated 18 U.S.C. § 2510, *et seq*, 18 U.S.C. § 2701, *et seq*, O.C.G.A. § 61–11–60 *et seq*, and O.C.G.A. § 16–10–1 *et seq*. In support of her suit, Plaintiff alleges that Defendant Tate unlawfully accessed and taped private telephone and voice mail communications between Plaintiff and Michael Tate, Defendant Tate's former husband. She further contends that Defendant Tate gave the recorded communications to the other individual Defendants ("Henry County Defendants") who disseminated the illegally obtained information throughout the Henry County police department. Defendant Henry County has filed a Motion to Dismiss and the Henry County Defendants have filed a Motion for Partial Judgment on the Pleadings.

### II. STANDARD OF REVIEW

### A. MOTION TO DISMISS

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero*, 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

### B. MOTION FOR JUDGMENT ON THE PLEADINGS

A party may file a motion for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. Fed.R.Civ.P. 12(c). Judgment on the pleadings is appropriate when no issues of material fact exist and the movant is entitled to judgment as a matter of law. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir.1996). In rendering a judgment on the pleadings, a court considers only the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). The court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. *Id.* The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir.1996) (*quotingConley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### III. DISCUSSION

### A. HENRY COUNTY'S MOTION TO DISMISS

#### 1. 18 U.S.C. § 2510

The Wiretap Act prohibits any "person" from intentionally intercepting wire communications or intentionally using or disclosing information obtained from illegal wiretaps. 18 U.S.C. § 2511(1)(a)-(e). Defendant Henry County asserts that it is not amenable to suit under the Wiretap Act because the definition of "person" in 18 U.S.C. § 2510(6) does not expressly include governmental entities. The Wiretap Act defines " 'person' [as] any employee, or agent of the United States or any State or political subdivision thereof, and

any individual, partnership, association, joint stock company, trust or corporation." 18 U.S.C. § 2510(6). The Eleventh Circuit has not addressed this issue. Nevertheless, it appears clear from the statutory language, its legislative history, and decisions by other courts, that the term "person" as defined by 18 U.S.C. 2510(6) does not include governmental entities. *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F.Supp. 808, 823 (D.N.J.1993); S.Rep. No. 1097, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112, 2179 ("The definition [of person] explicitly includes any officer or employee of the United States or any State or political subdivision of a State . . . . Only the governmental units themselves are excluded."); *Spock v. United States*, 464 F.Supp. 510, 514 n. 4 (S.D.N.Y.1978) ("person does not include the United States"). Therefore, a governmental entity such as Henry County could not be prosecuted criminally for a violation of the Wiretap Act.

 The inquiry, however, does not stop there. The section of the Wiretap Act which authorizes civil damages leads to a different conclusion. This section provides:

> Except as provided in section 2511(2)(a)(ii), any person, whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the *person or entity* which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a) (emphasis added). Because the definition of "person" already includes business entities, courts have generally held that the word "entity" as used in § 2520(a) must be a reference to governmental bodies. *Bodunde v. Parizek* 1993 WL 189941 (N.D.Ill.1993); *Smith v. City of Hartford*, 2000 WL 1058877 (Conn.Super.2000); *Dorris v. Absher*, 959 F.Supp. 813 (M.D.Tenn.1997). If "entity" in this part of the statute was meant only to refer to business entities, then it would be "redundant or superfluous." *Bodunde*, 1993 WL 189941, at *3. Additionally, although the legislative history for this particular section is silent as to its application to governmental units, other relevant legislative history supports the conclusion that governmental entities are subject to civil liability for violation of the Wiretap Statute. "The statutory language is the starting point for interpreting the meaning of a statute." *United States v. McLemore*, 28 F.3d 1160, 1162 (11th Cir.1994). If the statutory language is ambiguous, the Court may look to the legislative history and the overall statutory scheme. *Id.*, at 1162–63. *See also Continental Can Co., Inc. v. Mellon*, 825 F.2d 308, 310 (11th Cir.1987); *Jones v. Metropolitan Atlanta Rapid Transit Authority*, 681 F.2d 1376, 1378–79 (11th Cir.1982).

The Wiretap Act was amended by the Electronic Communications Privacy Act of 1986, Pub.L. No. 99–508, 100 Stat. 848 (1986) to add the word "entity" to the section authorizing a private cause of action for violation of the statute. 18 U.S.C. § 2520(a). The amendment added the same language to the civil liability provision for interception of stored wire and electronic communications pursuant to 18 U.S.C. § 2707(a). The Senate Committee Report summarizing § 2707 specifically states that the word "entity" includes governmental entities. S.Rep. No. 541, 99th Cong., 2d Sess. 43 (1986), *reprinted in*, 1986 U.S.C.C.A.N. 3555, 3597. The *Bodunde* court, and others, have held that this was sufficient legislative history to conclude that governmental entities may be liable under the Wiretap Act.

 Other courts examining the issue have reached the opposite conclusion, holding that governmental entities are exempt from liability under the Wiretap Act. *See, Amati v. City of Woodstock, Ill.*, 829 F.Supp. 998, 1002–03 (N.D.Ill.1993) (holding that "a municipality is not a 'person' subject to the [Wiretap Act] and, thus, the municipality could not be held liable for its intentional interception of telephone communications on police department telephone line");*Abbott v. Village of Winthrop*

*Harbor,* 205 F.3d 976, 980 (7th Cir.2000) (holding that federal wiretap statute did not apply to municipalities and, therefore, village could not be held liable for police chief's secret recording of calls made on police department telephone line). These courts, however, did not examine the legislative history of the statute and its amendments because they held that the statute was not ambiguous. This Court finds the reasoning of *Bodunde,* and the other cases which agree with its conclusion, more persuasive. There is sufficient ambiguity in the statute to warrant examination of the legislative history. Given the reference in the legislative history of § 2707 to including governmental entities in the group of potential defendants, the similar language placed in § 2520 at the same time, and the number of other courts that have reached a similar conclusion, this Court holds that governmental entities, such as Henry County, are amenable to suit under the Wiretap Act. Defendant Henry County's Motion to Dismiss as to this claim is denied.

### 2. 18 U.S.C. § 2701

■ Defendant Henry County argues, as it did with the Wiretap Act claim, that governmental entities are not amenable to suit under 18 U.S.C. § 2701 *et seq.* Plaintiff makes her claim under the civil liability section of the Electronic Communications Privacy Act which states:

> Except as provided in § 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2707. Because the same definition of "person" applies to § 2701 as under the Wiretap Act, Defendant asserts that municipalities are not liable for violations of the Act. This argument most also must fail. *See Organizacion JD Ltda v. United States Dept. of Justice,* 18 F.3d 91,

94–5 (2d Cir.1994) (holding that government entities are potential defendants under § 2707). As stated above, the legislative history of § 2707 specifically indicates that governmental entities may be sued under its provision. The same ambiguity exists in this statute involving the meaning of the word "entity," as in the Wiretap Act, authorizing courts to look to the legislative history to determine the congressional intent. Given the congressional intent to include governmental entities within the ambit of § 2701, this Court holds that Henry County is amenable to suit under this statute.

■ Second, Defendant Henry County argues that even if it is amenable to suit under § 2701, that no activity attributable to Henry County violates the statute. A person violates 18 U.S.C. § 2701 if he "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication which is in electronic storage." 18 U.S.C. § 2701(a)(1)-(2). Moreover, any person aggrieved by a violation of 18 U.S.C. § 2701 may, in a civil action, recover from the person who engaged in that violation. 18 U.S.C. § 2707(a). In her Complaint, Plaintiff does not allege that Henry County accessed an electronic communication service illegally. Because of the absence of such an allegation, Defendant argues that no cause of action can be maintained against it pursuant to 18 U.S.C. § 2701.

Plaintiff admits that her Complaint does not specifically allege that the County, through its officers, directly accessed voice mail or an electronic communications storage facility containing a communication of Plaintiff's. Instead, Plaintiff relies on the "reasonable inferences" which she asserts may be drawn from the face of her Complaint. Specifically, she states that paragraphs 21 and 22, and the inferences which

may be drawn from them, are sufficient allegations to survive a motion to dismiss. Paragraphs 21 and 22 state the following:

### 21.

Through methods unknown to plaintiff, defendant Teresa Tate obtained the capability to access the voice mail system and pager memory of Michael Tate, and then to record those messages.

### 22.

Through methods unknown to plaintiff, defendant Teresa Tate obtained the capability to access the voice mail system and pager memory of plaintiff, and then to record those messages.

Plaintiff argues that it is reasonable to infer from this that Defendant Tate obtained the ability to access the electronic communications from the individual defendants, three of whom are Henry County police officers. The Court notes that this inference constitutes a significant jump, and it is not an inference the Court is willing to make. On the contrary, these paragraphs only highlight the fact that Plaintiff is unaware of the methods with which Defendant Tate was able to gain access to the relevant electronic storage facilities. Defendant Henry County would not have read these paragraphs and inferred that Plaintiff was accusing its officers with this language. The Court will not allow the Plaintiff to rely on the inferences she asserts can be drawn from the Complaint. These inferences are not reasonable, and it is not "proper to assume ... [the Plaintiff] can prove facts that [she] has not alleged or that the [D]efendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of Cal., Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

Plaintiff attempts to bolster her argument by citations to the individual Defendants' Answers. However, "[w]hen considering a motion to dismiss for failure to state a claim, [the court] may only look to the facts alleged in the complaint and not beyond." *Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1348 n. 5 (11th Cir.1999); *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). Howeverer, even were the Court to consider the information contained within the individual Defendants' Answers, Plaintiff would not ·survive Defendant Henry County's Motion to Dismiss as to the § 2707 claim. The facts which Plaintiff contends further the inference that Henry County officers helped Defendant Tate access Plaintiff's private communications are: admissions that three of the Defendants are Henry County officers; that Tate played one of the tapes for Defendant Mercer; that Defendant Miller acknowledges talking on the phone with Defendant Tate about the communications; and Defendant Mercer's statement that he spoke to Defendants Risher and Freedman about Plaintiff's affair with Michael Tate. These admissions do not advance the theory or lead to an inference that the individual officers of Henry County helped Defendant Tate gain access to the electronic communication storage facilities. The Court holds that the allegations in Plaintiff's Complaint are insufficient to state a claim against Defendant Henry County pursuant to § 2701.

▮ Nor can the Plaintiff state a claim under 18 U.S.C. § 2702. This section provides that:

(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and (2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service ....

18 U.S.C. § 2702(a)(1)-(2). It is not enough that Plaintiff allege Henry County, through its officers, divulged the Plaintiff's electronically stored communications. Henry County must provide "electronic communication service to the public." 18 U.S.C. § 2702(a)(1). The court in *Ander-*

*sen Consulting LLP v. UOP*, 991 F.Supp. 1041 (N.D.Ill.1998) held that a company who maintains an interoffice e-mail system for internal communications could not be held liable under § 2702 because its electronic communication service was not open to the public. *Id.* at 1042; *see also, Wesley College v. Pitts*, 974 F.Supp. 375, 391 n. 16 (D.Del.1997). Although Henry County allegedly maintains a voice mail system for its employees' use, Plaintiff has not alleged that this system is in anyway available to the public. Consequently, Plaintiff may not maintain an action against Henry County under 18 U.S.C. § 2702. The Court, therefore, grants in part and denies in part Defendant Henry County's Motion to Dismiss.

### B. THE INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

#### 1. 18 U.S.C. § 2510

The Defendants Risher, Mercer, Freedman, Crumpler and Miller have moved pursuant to Fed.R.Civ.P. 12(c) for partial judgment on the pleadings. First, these Defendants state that Plaintiff's only basis for Defendants' violation of the Wiretap Act is that they "received" the contents of illegally obtained private communications. (Plaintiff's Complaint, ¶ 43). The mere receipt of a wire communication, which has been unlawfully intercepted by a third party, does not violate the Act. Rather the Act prohibits actions meant to intercept, use or disclose electronic communications. It is silent as to the passive receipt of information illegally obtained. 18 U.S.C. § 2511. The individual Defendants rely on one paragraph of the Plaintiff's Complaint to support their motion. The Court is required to examine the Complaint in its entirety. Only if there are no set of facts which would entitle Plaintiff to relief may the Court then dismiss her Complaint. Plaintiff's Complaint not only makes allegations that individual officers of Henry County received the illegal communications, but that they disseminated this information throughout the police department. (Plaintiff's Complaint, ¶¶ 28–32,

34, 38, 44). The disclosure of illegally intercepted communications is prohibited by the statute:

> Except as otherwise specifically provided in this chapter any person who-...(c) intentionally *discloses,* or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

18 U.S.C. § 2511(1)(c) (emphasis added). Because Plaintiff alleges that Defendants disseminated the contents of the allegedly illegally intercepted communications, clearly there are facts which would entitle Plaintiff to relief under the statute. The Defendants' Motion for Partial Judgment on the Pleadings with respect to their claim that no action attributed to them is actionable under the statute is denied.

The Defendants also argue that even if their conduct is implicated under the statute, they are entitled to the defense of qualified immunity. Qualified immunity shields government officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir. 1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Qualified immunity is a question of law to be decided by the Court. The test for qualified immunity is one of "objective-reasonableness" in evaluating the conduct of the government official claiming its protection. "[A]ll but the plainly incompetent or those who knowingly violate the law" find protection in qualified immunity. *Id.* (citing *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

In *Rich v. Dollar*, 841 F.2d 1558 (11th Cir.1988), the Eleventh Circuit adopted a two part analysis for assessing the qualified immunity defense. First, the defendant public official must prove that he acted within the scope of his discretionary authority when the challenged conduct occurred. If the defendant satisfies this part, the burden shifts to the plaintiff to show that the defendant public official's conduct violated clearly established law. *Id.* at 1563–64. "That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Lassiter v. Alabama A & M Univ., Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (citations and emphasis omitted); *Redd v. City of Enterprise,* 140 F.3d 1378, 1382 (11th Cir.1998). In general, the Eleventh Circuit allows a broad and expansive scope of protection afforded by qualified immunity:

> Unless a government agent's act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.

*Lassiter v. Alabama A & M University.* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (citations and footnotes omitted). In *Lassiter,* the Eleventh Circuit held that for a law to be clearly established in the qualified immunity context, "preexisting law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances.*" *Id.* at 1150 (emphasis in original). "Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." *Adams v. St. Lucie County Sheriff's Dept.* 962 F.2d 1563, 1575 (11th Cir.1992). Fi-

nally, plaintiffs must do more than rely on general rules or abstract rights when meeting their burden. *Lassiter,* 28 F.3d at 1150. The Court will interpret the present case in light of the Eleventh Circuit's clear mandate of affording government employees and officials broad protection for their discretionary acts.

The Eleventh Circuit has held that the qualified immunity defense is available to officers in their individual capacities accused of violating the Federal Wiretap Act. *Tapley v. Collins,* 211 F.3d 1210, 1216 (2000). Neither party has addressed in their briefs whether the police officers and other officials in this case were acting within their discretionary authority when the alleged violations occurred. A "[g]overnment official proves that he acted within the scope of his discretionary authority for purposes of establishing qualified immunity by showing objective circumstances that would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of this authority." *Hutton v. Strickland,* 919 F.2d 1531, 1537 (11th Cir.1990); *Jordan v. Doe,* 38 F.3d 1559, 1566 (11th Cir.1994). It is unclear from the facts outlined in the Complaint what duties the individual Defendants were performing when they distributed the contents of the taped conversations. Neither Plaintiff nor Michael Tate were under investigation by the department, and Defendant Tate was not operating as an undercover or confidential informant when the tapes were made. (Plaintiff's Complaint, ¶ 39, 40). Given that the officers have not established that their actions as alleged in the Complaint were in the performance of their duties and within the scope of their authority, the Court holds that the Defendants were not acting within their discretionary authority. Therefore, at least at this stage of the litigation, the individual Defendants are not entitled to the defense of qualified immunity.

In evaluating the qualified immunity defense in the Eleventh Circuit, only the United States Supreme Court, the Eleventh Circuit, or the highest court of the state from which the case arose may "clearly establish" rights under federal law. *Ensley v. Soper,* 142 F.3d 1402, 1407 n. 5 (11th Cir.1998). "When considering whether the law applicable to certain facts is clearly established, the facts of cases relied upon as precedent are important. The facts need not be the same as the facts of the immediate case. But they do need to be materially similar." *Lassiter,* 28 F.3d at 1150 (citing *Adams v. St. Lucie County Sheriff's Dept.,* 962 F.2d 1563, 1573, 1575 (11th Cir.1992)) (Edmondson, J., dissenting); *Edwards v. Gilbert,* 867 F.2d 1271, 1277 (11th Cir.1989). The Eleventh Circuit's insistence on factually similar case law clearly outlining the constitutional or statutory rights involved is important because qualified immunity is most often analyzed in the context of constitutional violations. When constitutional violations are at issue there is generally no clear text from which an officer could know if his actions are unlawful. For instance, the right to be free from unreasonable searches and seizures has almost no practical significance until a court delineates what is reasonable. It is in this context that the Eleventh Circuit, through the doctrine of qualified immunity, protects officials who are not clearly outside the bounds of constitutional law. The Court feels, however, that the present case is different. Here a statutory violation is alleged, and the plain meaning of the statute leads to a clear result. The Wiretap Act prohibits disclosure of the contents of illegally obtained communications. 18 U.S.C. § 2511(1)(c). This is precisely the conduct which Plaintiff alleges the individual Defendants engaged in. The Court is required to accept all allegations in the Complaint as true when evaluating the Defendants' Motion for Partial Judgment on the Pleadings. Although there is no case in the Eleventh Circuit which specifically holds that when police officers disseminate the contents of an illegally obtained electronic communication they have violated the Federal Wiretap Act, the Court holds that the statute itself qualifies as clearly established law. The individual Defendants are not, therefore, at this stage of the litigation entitled to the qualified immunity defense.

### 2. 18 U.S.C. § 2701

Like Henry County, the individual Defendants argue that no action attributed to them in the Complaint falls within the prohibitions of 18 U.S.C. § 2701 *et seq.* As stated above, § 2701 only prohibits the intentional accessing of electronically stored communications. The statute does not prohibit distributing the contents of illegally obtained communications. 18 U.S.C. § 2701(a)(1)-(2). Plaintiff again attempts to rely on language in her Complaint stating that "through methods unknown to [her]" Defendant Tate was able to gain access to the electronically stored messages. It can be inferred, Plaintiff argues, that the individual Defendants helped Defendant Tate gain this unlawful access. Again, the Court will not allow the Plaintiff to rely on allegations in the Complaint which plainly show her lack of knowledge of how Defendant Tate accessed the storage facilities to now argue that the individual Defendants were implicated in this manner. The additional actions which Plaintiff attributes to Defendants, including receiving the contents of the intercepted communications, and listening to the tapes recorded by Defendant Tate, are not actions prohibited by the statute. Plaintiff has failed to state a claim for which relief may be granted against the individual Defendants for violation of 18 U.S.C. § 2701.

Additionally, Plaintiff can not maintain an action against the individual Defendants under 18 U.S.C. § 2702. As stated earlier, to be liable under this section, the defendant must a "provide electronic communication service to the public." 18 U.S.C. § 2702(a)(1). There is no allegation in Plaintiff's Complaint that the

individual Defendants fall into this category. Therefore, the individual Defendants' Motion for Partial Judgment on the Pleadings as to Plaintiff's 18 U.S.C. § 2701 claim is granted.

### 3. O.C.G.A. § 16–11–62

■ Defendants have also moved for partial judgment on the pleadings pursuant to Plaintiff's claim under O.C.G.A. § 16–11–62. This statute prohibits any person to "in a clandestine manner intentionally . . . overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which . . . originate[s] in any private place." O.C.G.A. § 16–11–62(1). Defendants make a similar argument with regard to Plaintiff's state law claim as they made under the Federal Wiretap Act. Again, Defendants assert that none of the actions prohibited under the statute are attributed to the Defendants in Plaintiff's Complaint. Plaintiff has asserted that the Defendants received and disseminated the contents of the private communications between Plaintiff and Michael Tate. The statute prohibits the intentional intercepting, overhearing, recording or transmitting of private communications. Admittedly, Defendants actions do not fall within the prohibitions against intercepting, overhearing or recording. The Court, however, finds that the individual Defendants have been implicated because they transmitted the private communications. Webster's Dictionary defines "transmit" as "to cause to go or to be conveyed to another person or place; to pass on or spread about." *Webster's Third New International Dictionary* 2429 (3d ed.1976). Interestingly, Webster lists "disseminate" as a synonym to transmit. *Id.* "Disseminate" is defined as "to spread or send out freely or widely." *Id.* at 656. The Court holds that Plaintiff's allegation that the individual Defendants disseminated the illegally obtained communication is sufficient to state a claim under O.C.G.A. § 16–11–62 which prohibits the transmitting of private communications. Defendants' Motion for Partial Judgment on the Pleadings as to this claim is denied.

### 4. O.C.G.A. § 16–10–1

■ O.C.G.A. § 16–10–1 dictates that "[a]ny public officer who willfully and intentionally violates the terms of his oath as prescribed by law shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years." O.C.G.A. § 16–10–1. Although this statute is undoubtedly criminal in nature, Plaintiff argues that violations of criminal statutes can simultaneously violate a duty of care owed to a particular person, and, therefore, form the foundation for a private cause of action. As an example of this proposition, Plaintiff cites the crime of battery, whose victim may also sue the perpetrator for money damages. The Plaintiff, however, is incorrect that every criminal statute may also support an action for money damages. "[V]iolation of a penal statute does not automatically give rise to a civil cause of action on the part of one who claims to have been injured thereby *since reference must be made to the applicable provisions of tort law.*" *Doyle Dickerson Co. v. Durden,* 218 Ga.App. 426, 428, 461 S.E.2d 902 (1995) (emphasis added); *see also, Troncalli v. Jones,* 237 Ga. App. 10, 12, 514 S.E.2d 478 (1999) (holding that the enactment of a statute criminalizing stalking did not automatically create a tort of stalking); *Rolleston v. Huie,* 198 Ga.App. 49, 50, 400 S.E.2d 349 (1990) (holding that there is no tort remedy available under O.C.G.A. § 16–8–16 for the allegedly unlawful attempt to disseminate information tending to impair appellant's business); *Sparks v. Thurmond,* 171 Ga. App. 138, 142, 319 S.E.2d 46 (holding that plaintiff did not acquire private right of action pursuant to O.C.G.A. § 35–3–38, which renders the unauthorized procurement of Georgia Crime Information Center record information punishable). There is no applicable provision in Georgia tort law which authorizes a private cause of action for the breach by a public official of his oath of office. The Court should exercise extreme caution in creating new

causes of action. In this case, that caution leads to the conclusion that there is no private cause of action here. Consequently, Plaintiff may not sue the individual Defendants under the O.C.G.A. § 16–10–1. Defendants' Motion for Partial Judgment on the Pleadings with respect to this claim is granted.

## IV. CONCLUSION

For the reasons set forth above, Defendant Henry County's Motion to Dismiss [Doc.9] is GRANTED IN PART AND DENIED IN PART; Defendant Risher, Mercer, Freedman, Crumpler, and Miller's Motion for Partial Judgment on the Pleadings [Doc. 10] is also GRANTED IN PART AND DENIED IN PART; and Plaintiff's unopposed Motion to Amend her Complaint [Doc. 15] is GRANTED.