A89A0987. PALMER v. BARNES et al.
(387 SE2d 44)

CARLEY, Chief Judge.

Appellant-plaintiff brought suit, seeking to recover damages for the injuries that he allegedly incurred as the result of an automobile collision. The case was tried before a jury and the following verdict was returned: "We, the jury, find for [appellant] and award $0 in general damages." Appellant appeals from the judgment that was entered on this verdict.

Appellant's sole contention is that the verdict is void and that the trial court erred in entering judgment thereon. "[A] verdict which is not responsive to the issues tried is void. '(T)he verdict must comprehend the whole issue or issues submitted to the Jury in the particular cause; otherwise, the judgment founded on it should be reversed. (Cits.)' [Cits.]" *Rucker v. Camden Tel. &c. Co.,* 181 Ga. App. 504, 506 (353 SE2d 50) (1987).

However, here, unlike in *Rucker,* supra, the verdict is complete and susceptible to a reasonable ascertainment. The jury, as it was authorized under the evidence to do, apparently concluded that appellant had not sustained any compensable damages as the proximate result of the collision. The jury's handwritten entry of "$0" is a definite sum and, therefore, the verdict is not void for incompleteness or uncertainty. "[S]ince no damages were assessed against [appellee], he was absolved from any liability in the case. [Cits.]" *McKay v. Hall,* 147 Ga. App. 146 (248 SE2d 210) (1978). The poll conducted of the individual jurors shows that the verdict follows " 'the true meaning

and intent of the finding of the jury. (Cit.)' [Cit.]" *Rucker v. Camden Tel. &c. Co.*, supra at 506. The trial court did not err in entering judgment on the verdict.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1989.

*Alfred F. Zachry*, for appellant.
*Edward L. Long, Jr.*, for appellees.