A91A1334. PETERSON v. FIRST FRANKLIN FINANCIAL CORPORATION.
(412 SE2d 612)

POPE, Judge.

Appellant/plaintiff Harley J. Peterson, Jr., installed vinyl flooring in the entrance of appellee/defendant First Franklin Financial Corporation's office. There was a large counter located in the entry area. Plaintiff was instructed to install the flooring beneath the counter area. To accomplish that task, plaintiff and his co-workers drove pieces of wood under the counter to raise it. After the vinyl was installed, at the insistence of defendant's manager, plaintiff pulled on the counter to settle it flush with the floor. While he was pulling on it, part of the counter overturned on him, injuring his ankle.

Plaintiff brought this personal injury action against defendant. A jury trial was conducted in the case, and the jury returned a verdict in favor of plaintiff but awarded him no damages. Plaintiff moved for a new trial. The trial court denied that motion finding that "[t]here was testimony at trial that the Plaintiff angrily jerked the counter and created the instability in said counter that eventually contributed to the harm that befell him. . . . This Court finds that the jury's ver-

dict . . . is clear and capable of reasonable construction." Plaintiff subsequently appealed from the judgment entered on the jury's verdict and the trial court's denial of his motion for new trial.

As we recently noted in *Bales v. Shelton*, 197 Ga. App. 522 (1) (399 SE2d 78) (1990), " '[t]he question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case.' OCGA § 51-12-12. 'The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. (Cits.) Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to "shock the conscience." (Cits.) . . . Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence. (Cits.)' *Cullen v. Timm*, 184 Ga. App. 80, 82 (2)-83 (360 SE2d 745) (1987)."

The verdict rendered in this case is similar to the verdict in *Meadows v. Douglas County Fed. &c.*, 169 Ga. App. 150 (312 SE2d 169) (1983). In that case the jury returned a verdict in favor of the plaintiff against a defendant "in the amount of []none principal, []none interest, $5,000.00 additional damages, $5,968.75 attorney fees." Id. at 151 (1). The defendant in that case filed a motion to set aside the award of the jury on the ground that punitive damages and attorney fees could not be awarded to the plaintiff absent an award of actual damages. The trial court set aside the additional damages and attorney fees and held that the jury's verdict of zero principal and zero interest was a judgment for the defendant. We affirmed the trial court's ruling. Id.

When the evidence is viewed in the manner most favorable to sustain the verdict, as we must do, we cannot say that the jury's refusal to award any damages to plaintiff, even though they held in his favor, warrants reversal of the trial court. As we recognized in *Seaboard Coast Line R. v. Towns*, 156 Ga. App. 24, 26 (3) (274 SE2d 74) (1980), "[a]n excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witness and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused [its] discretion in overruling the motion for a new trial on this ground." (Punctuation ommitted.) Although the jury should have simply held for the defendant, its intent not to award the plaintiff damages is

clear. When as here, the evidence construed favorably to the defendant shows that plaintiff angrily jerked the counter and caused his own injuries, we will not find that the jury's refusal to award him damages is improper as a matter of law. Id.; cf. *Cothern v. Haygood*, 147 Ga. App. 200 (248 SE2d 231) (1978).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Maddox, Starnes & Nix, John A. Nix*, for appellant.
*Chambers, Mabry, McClelland & Brooks, W. C. Brooks*, for appellee.