A93A2440. REDMAN HOMES, INC. v. VOSS et al.
A93A2441. GREESON HOMES CORPORATION v. VOSS et al.

(441 SE2d 792)

BEASLEY, Presiding Judge.

These appeals challenge the trial court's decision to grant plaintiffs permission to dismiss their cause of action without prejudice, pursuant to OCGA § 9-11-41 (a).

Plaintiffs Jerry and Sherry Voss sought damages resulting from their purchase of a mobile home against the manufacturer, Redman Homes, Inc., and the seller, Greeson Homes Corporation. The suit alleged breach of warranty, gross negligence, and wilful and conscious indifference to consequences of failure to act in the face of plaintiffs' revocation of acceptance. They also alleged that defendants were stubbornly litigious and claimed that physical and mental harm entitled them to punitive damages. At trial, defendants moved for a directed verdict after plaintiffs rested their case-in-chief. The trial court denied Greeson's motion, but indicated it would grant a directed verdict to Redman. It appears that plaintiffs had difficulty securing the testimony of a key witness.

The court commented that plaintiffs "got a lemon, not because of anything Greeson — and maybe not because of anything Redman Homes — knowingly did . . . these people got a mobile home that could not be lived in . . . there's evidence that the jury can consider that that's what they got, is a mobile home that could not be successfully lived in. There are plenty of people that live in worse than that. But that wasn't what they contemplated living in. There is evidence from which the jury could conclude that. And I hate to see people walk away from their day in court and not have all of their complaints considered by a jury." The court announced it would allow plaintiffs to dismiss their lawsuit and refile it.

Plaintiffs indicated they wished to reopen their case to call a witness on their "may call list," which the court permitted. It "vacated" its ruling on Redman's motion for directed verdict and indicated it would allow plaintiffs' witness to testify following the lunch break.

When court reconvened, plaintiffs' counsel informed the court

that "after much discussion and concern over the chain of events that have occurred, it is our position in this case that because of the possibility of a directed verdict relieving the manufacturer in this case, under the theories that we're pursuing, it leaves us no alternative but to move to dismiss the case without prejudice and ask that the case be retried. . . ." Plaintiffs filed a written motion for dismissal without prejudice, upon which the trial judge wrote: "Filed with Court this May 21, 1992, James L. Brooks, Judge." Subsequently, a nunc pro tunc order noted the denial of the motion for directed verdict submitted by Greeson (albeit the transcript of the trial shows a partial grant of this motion as to punitive damages), the grant of the motion for directed verdict by Redman, the vacation of the directed verdict to Redman, and the permission to plaintiffs to reopen the evidence.

Defendants Greeson and Redman appealed the dismissal, but the appeals were dismissed as premature because the record did not reflect the entry of a written order permitting the voluntary dismissal of the case. See *Greeson Homes Corp. v. Voss*, 209 Ga. App. 14 (432 SE2d 271) (1993).

Following remittitur and an evidentiary hearing, the trial court entered an order on July 27, 1993, finding that it intended to allow plaintiffs to dismiss and refile the action but through ministerial oversight had failed to note approval on their written motion. The court amended its handwritten notation to read that the dismissal without prejudice was approved and filed with the court on May 21, 1992.

Defendants Redman and Greeson again appeal the voluntary dismissal. They contend that the court erred in vacating the grant of a directed verdict in favor of Redman and approving plaintiffs' voluntary dismissal of their cause without prejudice after permitting them to reopen their case. They ask that a directed verdict for Redman be reinstated and that Greeson also be granted a directed verdict.

1. Resolution of the issue of dismissal is dispositive.

OCGA § 9-11-41 (a) provides that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal. . . . A dismissal under this subsection is without prejudice."

It was explained in *Muhanna v. O'Kelley*, 185 Ga. App. 220 (363 SE2d 626) (1987): "Originally, the Code section had permitted the voluntary dismissal of an action without a court order 'at any time before verdict' (Ga. L. 1966, p. 609, § 41). In 1985, the latter wording was changed to read, 'at any time before the submission of the case to the jury' (Ga. L. 1985, p. 546, § 1). The present language was substituted for that version the following year."

"[T]he legislative intent behind the enactment of OCGA § 9-11-

41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit *despite* the inconvenience and irritation to the defendant." *Griggs v. Columbus Bank &c. Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988).

Defendants concede that the trial court was within its authority to allow plaintiffs to reopen their case. Thus, at the time plaintiffs moved to voluntarily dismiss their cause, they had not rested. This being so, the voluntary dismissal was a matter of right not requiring judicial permission and order. If it was required, the court was within its discretion to allow the dismissal.

Defendants cite no case supporting their position that this was reversible error, and we are aware of none. The cases cited are inapposite. They involve instances in which plaintiffs attempted dismissal without prejudice as a matter of right under the statutory provision, in order to avoid or circumvent the trial court's ultimate adverse ruling pursuant to either a bench decision or jury verdict. The dearth of authority on point, i.e., dismissal by statutory judicial discretion rather than by right, may be explained by the broad discretion necessarily afforded a trial court while a case remains within its breast. Even after verdict, the court has nearly plenary power to grant a new trial. " '(T)he first grant of a new trial to either party is not to be reversed by an appellate court unless the verdict set aside by the trial court was absolutely demanded.' [Cit.]" *Trawick v. Jackson*, 188 Ga. App. 664 (374 SE2d 114) (1988). Logic demands the same liberal appellate scrutiny of a trial court's approval of a motion to dismiss without prejudice pursuant to OCGA § 9-11-41 (a).

2. "[T]he effect of a voluntary dismissal is to render the case 'completely lifeless for all purposes from the date of the dismissal . . . ,' [cit.], [and] any error resulting from the denial of the motion for directed verdict is now moot." *Otonicar v. Shoreline Towers Phase I Condo. Assn.*, 191 Ga. App. 632 (382 SE2d 418) (1989). Questions of the propriety of directed verdicts for the two defendants need not be reached, although it is noted that there was evidence of the nonconformity of the mobile home and of plaintiffs' attempts to revoke acceptance of it. See OCGA § 11-2-608.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATIONS DENIED MARCH 11, 1994 — 

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Milton F. Eisenberg II*, for Redman Homes.

*Russell, Stell, Smith & McLocklin, John E. Stell, Jr., Michael C. Pruett*, for Greeson Homes.

*Bushnell & Larisay, William C. Bushnell, Christopher J. Mc-Fadden*, for Voss.