A98A1311. MOORE et al. v. TCI CABLEVISION OF GEORGIA, INC. et al.
(510 SE2d 96)

JOHNSON, Presiding Judge.

This case arises from an automobile accident which occurred on July 21, 1993. Angela Moore and Hannah Moore, the appellants, were guest passengers in a car driven by Judy O'Neal. O'Neal was distracted by children in the back seat as she approached and stopped at a stop sign. It is undisputed that O'Neal pulled away from the stop sign and into the path of an oncoming pickup truck owned by TCI Cablevision of Georgia, Inc. ("TCI") and driven by Robert McLeod in the course of his employment. The pickup truck had the right-of-way at the intersection. The evidence was conflicting as to whether McLeod was negligent in failing to avoid the collision. The officer investigating the accident, McLeod and the appellees' expert testified that McLeod was not speeding at the time of the accident. The Moores' expert testified that based on his calculations, McLeod was speeding, failed to pay attention, and did not properly react to

the situation. The Moores brought this action against the estate of O'Neal, McLeod and TCI. The Moores' claims were tried in the same action as personal injury and wrongful death claims brought by the representative and family of O'Neal, who died in the collision, against McLeod and TCI.

It is not disputed that Angela Moore was seriously injured in the collision. Her injuries included a fractured bone in her forearm, a laceration in her left knee, two fractured ribs on the left side, a tear in her left kidney, and some pelvic injuries. Her medical bills totaled approximately $36,000. Nor is it disputed that Hannah Moore was also injured. Though less serious than her mother's, Hannah Moore's injuries included a concussion, a swollen right eye and abrasions. There was conflicting evidence regarding the amount of Hannah Moore's medical bills, so that the jury had before it evidence on the issue showing a range from just over $2,000 to $10,000. However, it is not disputed that both Angela and Hannah Moore incurred medical expenses for the treatment of the injuries they received in the collision.

The jury returned a verdict purporting to be in favor of Angela and Hannah Moore and against all three defendants, jointly and severally, but in the amount of zero dollars. The jury also returned a verdict in favor of defendants McLeod and TCI in the case brought by Daniel O'Neal for his own injuries and the wrongful death of his mother.

The Moores filed a motion for new trial on several grounds, which the trial court denied without specifically addressing any of the grounds raised. In their appeal, the Moores contend the trial court erred by denying their motion for a new trial, arguing primarily that the verdict was inadequate and warranted a new trial under OCGA § 51-12-12.

Because of the unique factual situation presented by this appeal, and for the reasons which are set out below, we hold that the trial court abused its discretion in failing to grant a new trial on the general grounds.

1. We first address the appellees' motion to strike the "amended judgment" entered by the trial court on November 12, 1998, and received by this Court as a supplement to the record on November 19, 1998. It is axiomatic that upon the docketing of a case in this court, the trial court loses jurisdiction over the matter. Therefore, the "amended judgment" is null, void and of no effect whatsoever, either here or in the trial court. There is, therefore, no need to strike it from the record as it is a mere nullity. The motion to strike is moot.

We suppose that the reason for the motion to strike relates to the ongoing dispute between the parties regarding whether this case is properly before us. In a previous motion to dismiss, appellees argued

that this Court did not have jurisdiction to consider this appeal on the merits because the appellants failed to follow the discretionary appeal procedures. To oversimplify the appellees' position, they maintained that the language of the judgment entered upon the jury's verdict purporting to award costs to the Moores rendered this a judgment in an amount more than zero but less than $10,000, bringing into play the provisions of OCGA § 5-6-35 (a) (6) requiring persons seeking to appeal such judgments to follow the discretionary appeal procedures. The Moores responded by arguing that there were, in fact, no costs, leaving them in the position of being able to directly appeal the judgment. This Court even attempted to get to the facts of the costs issue by ordering the clerk of the trial court to supplement the record to show whether there were costs actually awarded. Because the trial court clerk had received this case as a transfer from another jurisdiction, it apparently was unable to certify any answer to the question, and simply filed here a supplemental statement pointing out the obvious, that the jury verdict itself awarded zero damages and did not award costs. The record before us already showed this verdict. The supplement was of no help. We denied the motion to dismiss, and now conclude that while we correctly decided that motion, we incorrectly focused on the issue as debated between the parties and overlooked a more obvious reason why appellees' motion was without merit: the verdict was in its legal effect a defendants' verdict, and a purported award of costs was never authorized by law.

This Court has consistently held that a verdict in favor of the plaintiff but awarding zero damages is, in legal effect, a defendant's verdict. See *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 758 (6) (493 SE2d 132) (1997); *Henry v. Watkins*, 219 Ga. App. 80, 81 (464 SE2d 215) (1995); *Gielow v. Strickland*, 185 Ga. App. 85, 87 (4) (363 SE2d 278) (1987). Thus, when the trial court added the words "and costs," it was mere surplusage. The judgment was directly appealable and the case is properly before us.

2. The Moores argue that it was error for the trial court to deny their motion for a new trial. As indicated above, we agree, reverse and remand the case with direction.

In the trial court, the Moores' motion for new trial listed seven grounds, including the three usually referred to as the "general grounds." Those grounds are that the verdict is contrary to law, the verdict is contrary to the evidence, and the verdict is strongly against the weight of the evidence. Inter alia, the Moores also based their motion for a new trial on the argument that the damage award was so inadequate as to "justify an inference of gross mistake . . .," and alleged errors in the trial court's instructions to the jury. On appeal, they support their contention that it was error to deny the motion for

a new trial with an argument which focuses on the alleged inadequacy of the damage award. As in the debate between the parties over the meaning of the verdict within the context of the motion to dismiss this appeal, this simply misses the real point.

It is undisputed that Angela and Hannah Moore were guest passengers in O'Neal's car. It is further undisputed that they both suffered injuries not attributable to anything other than the car accident. Based on the evidence presented at trial, this is not a case in which the Moores' damages could be diminished by the jury because the Moores' complaints were at least partially related to pre-existing conditions. There was no evidence of any pre-existing medical conditions. See *Byrom v. Felker,* 137 Ga. App. 400, 402 (3) (224 SE2d 72) (1976). Appellees suggest in their brief that the jury had before it evidence that both Angela and Hannah Moore were "unrestrained," apparently meaning they were not wearing seat belts, but that, too, would be no reason upon which this verdict could be explained. OCGA § 40-8-76.1 (d) makes it clear "(t)he failure of an occupant of a passenger vehicle to wear a seat safety belt in any seat of a passenger vehicle which has a seat safety belt shall not be considered evidence of negligence, shall not be considered by the court on any question of liability of any person, . . . , and shall not diminish any recovery of damages arising out of the . . . occupancy . . . of a passenger vehicle."

Under the particular facts of this case, this leaves the Moores, as guest passengers, in the legal situation that their injuries and damages resulted from only one of three possibilities: Either their injuries resulted solely from the negligence of O'Neal, or solely from the negligence of McLeod, or from the combined negligence of both these drivers in causing this collision. The only way to correct this situation is to grant a new trial on the general ground, and it was error to fail to do so.

Although we certainly recognize the deference that must be given to a trial court's decision on a motion for new trial, because the guest passengers were not negligent, were injured, and incurred special damages, a verdict in their favor but awarding zero damages was strongly against the weight of the evidence. When considered along with the real probability that the jury was confused over issues related to other claims by other parties tried in the same case, there can be little doubt that a new trial was warranted and, indeed, mandated. Therefore, based on the peculiar facts of this case, we find that it was an abuse of discretion to deny the Moores' motion for a new trial, and reversal is required. This case is remanded to the trial court with directions that it grant a new trial on all issues.

*Judgment reversed. Case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

Decided December 2, 1998 —
Reconsideration denied December 17, 1998

*Salter & Shook, Mitchell M. Shook, Jason A. Craig*, for appellants.

*Bovis, Kyle & Burch, James E. Singer, William S. Allred, Stubbs & Associates, M. Francis Stubbs*, for appellees.