## A99A1799. WHELAN v. MOONE et al.
(531 SE2d 727)

PHIPPS, Judge.

Following a vehicular collision, Deborah Moone was diagnosed with a fractured radius and ligamentous injuries to the distal radioulnar joint in her left forearm. Dr. E. J. Whelan, an orthopedist, provided treatment. Moone brought this medical malpractice action against Whelan, claiming that he negligently caused severe and permanent injuries to her left arm, wrist, and hand. Moone's husband also sued for loss of consortium. The jury found in favor of Whelan against Moone's husband but awarded Moone $350,000. Whelan appeals judgment on the verdict and denial of his motion for new trial. He enumerates several claims of error which are itemized below. We find no error and affirm.

Moone's expert witnesses charged Whelan with negligence in numerous respects. They testified that in treating Moone, Whelan misinterpreted multiple radiographic films of her left forearm by failing to recognize the progressive collapse of her fractured radius and dislocation of her distal radioulnar joint. They also testified that Whelan was negligent in applying a short-arm splint and then a short-arm cast to the fractured radius, prematurely removing the cast prior to complete healing of the fracture, and failing to timely

recommend and schedule necessary surgical procedures. According to Moone's experts, timely application of a long-arm cast would have immobilized the fracture and probably would have resulted in an essentially full recovery.

In his defense, Whelan asserted that in treating Moone he met the applicable standard of care. He claimed that complications in her recovery were caused by her own negligence in not following his advice. He presented experts who testified that the actions taken by him during the course of his treatment of Moone were "completely appropriate" and "certainly reasonable," and that Moone's recovery would have been satisfactory if she had followed Whelan's final recommendation to undergo corrective osteotomy surgery.

1. Whelan charges the trial court with abusing its discretion by admitting testimony concerning Moone's financial inability to pay for surgery and her lack of health insurance coverage.

Although as a general rule evidence relating to the wealth of the parties and the existence of insurance coverage is inadmissible, an exception exists where issues concerning those matters have been made relevant by the parties.[1] Where, as here, the defendant asserts that the plaintiff's damages could have been avoided if she had followed his recommendation to have surgery, evidence that she could not afford surgery becomes admissible.[2]

2. Whelan contends that the court abused its discretion by refusing to submit a special verdict form to the jury and by refusing to give a jury instruction that would have required the jury to assign percentages to the fault or negligence chargeable to Moone and Whelan. Whelan maintains that the special verdict form and jury instruction were needed to assist the jury in determining whether Moone's negligence outweighed his, thus precluding or reducing her recovery.

The court charged the jury that if it found that Whelan was negligent and that Moone was also guilty of negligence which contributed to her injuries, she could not recover if her negligence was "equal to or greater than" that of Whelan.

This "equal to or greater than" bar is one aspect of Georgia's comparative negligence rule. This rule is codified in OCGA § 51-11-7, which provides:

> If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.

---

[1] See *Kolb v. Holmes*, 207 Ga. App. 184, 186 (2) (427 SE2d 562) (1993) (wealth); *U-Haul Co. &c. v. Ford*, 171 Ga. App. 744 (1) (320 SE2d 868) (1984) (insurance).

[2] *McGee v. Jones*, 232 Ga. App. 1, 3 (2) (499 SE2d 398) (1998).

The first sentence of the above statute sets forth Georgia's contributory negligence rule. The second sentence embodies the comparative negligence rule. The "equal to or greater than" bar is a judicially engrafted component of the comparative negligence rule.

In this case, the trial court charged the jury on both the contributory negligence and comparative negligence rules. In application of the "equal to or greater than" bar, the court also charged the jury that if it found that Moone's negligence was less than Whelan's, then Moone would not be precluded from recovery of damages, but the jury would be required to reduce the amount of damages otherwise awarded to her in proportion to her negligence compared with that of Whelan. The court's jury charge on comparative negligence was substantially the same as our Superior Court Council's Suggested Pattern Jury Instruction on Comparative Negligence.[3]

Moone argues that neither the comparative negligence rule nor its "equal to or greater than" bar is applicable in this case, because in legal contemplation Whelan's defense was that Moone had failed to mitigate her damages. The mitigation of damages rule is codified in OCGA § 51-12-11, which generally provides that "[w]hen a person is injured by the negligence of another, he must mitigate his damages as far as is practicable by the use of ordinary care and diligence." The court also charged the jury on this principle.

We find no merit in either Moone's argument or Whelan's enumeration of error. Because part of Whelan's defense was that the injuries for which Moone seeks recovery are attributable to her negligence in failing to submit to the treatment he recommended, the charge on the contributory negligence rule was appropriate. As there was evidence that these injuries were also the product of Whelan's negligence, the charge on comparative negligence and its "equal to or greater than" bar was also warranted. The court's instruction that the jury reduce Moone's recovery in proportion to her negligence provided adequate guidance concerning the comparative negligence rule. Therefore, the court did not err by refusing to give an instruction requiring the jury to assign percentages of fault.[4] And even though the jury did express some confusion concerning the form of the verdict, we hold in Division 3, infra, that the court provided adequate clarification. Consequently, the court's refusal to submit the special verdict form to the jury did not constitute an abuse of its discretion.[5]

---

[3] See Suggested Pattern Jury Instructions, Vol. I: Civil Cases (3rd ed.), p. 236.

[4] See *Radford v. State*, 202 Ga. App. 532, 534 (1) (415 SE2d 34) (1992) (unnecessary to give exact language of requests to charge when same principles are fairly given to the jury in the court's charge).

[5] See generally OCGA § 9-11-49 (a); *Southern Water Technologies v. Kile*, 224 Ga. App. 717, 719 (1) (481 SE2d 826) (1997); compare OCGA § 9-11-49 (b).

3. Whelan contends that the court abused its discretion in its response to the jury's confusion concerning the form of the verdict.

The verdict form utilized by the court required the jurors to return two sets of findings. The first set related to Moone's personal injury claims against Whelan. The second set related to the loss of consortium claim by Moone's husband. The verdict form first required the jurors to state whether they were finding in favor of Moone against Whelan and the amount of damages awarded "or" whether they were finding in favor of Whelan against Moone. The jury was then required to answer the same questions in regard to Moone's husband's claim.

During its deliberations, the jury asked the court whether it could render a verdict that both Moone and Whelan were negligent. At the urging of defense counsel, the court responded by instructing the jury that it could find both parties negligent and then inquired whether the jury needed a recharge on what the law required if such a finding were made. The jury did not request any additional instructions and later announced that it had reached a unanimous verdict. But the verdict had not been recorded on the verdict form. Instead, the verdict was returned on a handwritten piece of paper. On the paper, the jury found that Moone and Whelan were both negligent, awarded her $350,000, and awarded no damages to her husband. The court instructed the jury to resume deliberations and record its verdict on the verdict form. After the jury did so, the court observed that the jury had altered the verdict form by removing the word "or" as contained in the set of findings related to Moone's claims against Whelan and replacing it with the word "and." The court also observed that the verdict form had not been completed.

During the colloquy which ensued, the jury foreman expressed his personal belief that Moone and Whelan were equally negligent. The court thereupon recharged the jury that Moone could not recover if her negligence was equal to or greater than that of Whelan's. The jury then returned a unanimous verdict finding in favor of Moone and against Whelan in the amount of $350,000. Upon being polled, each juror affirmed that this was and continued to be that juror's verdict.

Whelan requested the instruction given by the court when the jury submitted its initial question. He raised no objections to the instruction given by the court in response to the comment by the foreman, nor did he request any additional instruction. Although the complaint raised in this enumeration has thus been waived, we note that the actions taken by the court were adequate to clarify any expressed confusion on the subject of comparative negligence.

4. Whelan contends that the court erred in denying his motion for new trial on the ground that he was denied a fair and impartial jury.

During voir dire, defense counsel asked the jury panel whether anyone had ever been threatened with a lawsuit by a physician, hospital, or collection agency regarding a medical bill. In clarifying the question, counsel later stated that he was trying to find out if any of the jurors had "a bone to pick" with the medical profession. One ground of Whelan's motion for new trial was that one of the jurors failed to disclose that she had previously instituted bankruptcy proceedings due to medical debts.

*Gainesville Radiology Group v. Hummel*[6] holds that a new trial will not be granted based on a prospective juror's failure to respond truthfully to a question posed on voir dire unless the movant can demonstrate that the question was material and that a correct response would have provided a valid basis for a challenge for cause. Challenges for cause are of two varieties: challenges for principal cause and challenges to the favor.[7]

> A principal challenge is such, where the cause assigned carries with it *prima facie* evident marks of suspicion, either of malice or favor, as that a Juror is of kin to either party within the (prohibited) degree; . . . that he has an interest in the cause; . . . that he is the party's master, servant, counsellor, steward or attorney, . . . — all these are principal causes of challenge, which, if true, cannot be overruled. . . . [Cit.][8]

> "Challenges for favor are based on admissions of the juror or facts and circumstances raising a suspicion that the juror is actually biased for or against one of the parties. (Cits.)" [Cit.] "Where a prospective juror is not impartial and free from prejudice or bias, that juror is subject to being excused for cause. [Cit.] The decision as to whether or not to discharge the prospective juror is within the discretion of the (trial) court. [Cit.]" [Cit.][9]

The record in this case does not show that the juror in question was subject to challenge for principal cause. In denying Whelan's motion for new trial, the court necessarily found that the juror was not subject to challenge for favor. We find no abuse of discretion.

5. Whelan contends that in light of expert testimony concerning his lack of negligence, the trial court erred in denying his motion for new trial on the general grounds.

---

[6] 263 Ga. 91, 94 (428 SE2d 786) (1993).
[7] *Sapp v. State*, 222 Ga. App. 415, 417 (3) (474 SE2d 233) (1996).
[8] *Smith v. Folger*, 237 Ga. App. 888, 889-890 (2) (517 SE2d 360) (1999).
[9] *Sapp v. State*, supra at 418.

"Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence."[10] Here, there is ample evidence supporting the jury's finding of negligence by Whelan.

6. Whelan finally contends that the trial court erred in denying his motion for new trial because the damages awarded to Moone were excessive.

> Before the verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear exhorbitant, flagrantly outrageous and extravagant. It must be monstrous indeed and such as all mankind must be ready to exclaim against at first blush. It must carry its death warrant upon its face.[11]

In this case, there is no evidence that the verdict was the product of juror prejudice or bias. There is, however, evidence from which the jury could find that Moone sustained severe deformities with loss of function and resulting disability, that these deformities significantly diminished her capacity to labor and her enjoyment of life, and that her physical and emotional pain and suffering were substantial. The court did not abuse its discretion in denying the motion for new trial on the ground that the verdict was excessive.[12]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000.

*Oliver, Maner & Gray, I. Gregory Hodges, Terri M. Yates*, for appellant.
*David S. Bills, Lloyd D. Murray*, for appellees.

---

[10] (Citations and punctuation omitted.) *MARTA v. Green Intl.*, 235 Ga. App. 419, 420 (1) (509 SE2d 674) (1998).

[11] (Citations and punctuation omitted.) *Smith v. Crump*, 223 Ga. App. 52, 57-58 (2) (476 SE2d 817) (1996).

[12] See generally *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 165 (2) (473 SE2d 256) (1996).