## A03A1103. WRIGHT v. WILCOX.
(586 SE2d 364)

ELLINGTON, Judge.

Following a three-day trial, a Jeff Davis County jury found in favor of Odis Wilcox on his trespass claim against Jimmie Wright,

---

and awarded Wilcox $22,000 in damages.[1] The trial court denied Wright's motion for judgment notwithstanding the verdict (j.n.o.v.), motion for new trial, and motion to reduce damages, finding that the award was within the range of evidence presented. On appeal, Wright contends there was insufficient evidence to support the jury's award and that the award was excessive as a matter of law. Finding no error, we affirm.

> Where a jury returns a verdict and it has the approval of the trial judge, the verdict must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. This Court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of the motion for new trial will not be disturbed.

(Citations and punctuation omitted.) *In re Copelan*, 250 Ga. App. 856, n. 1 (553 SE2d 278) (2001); see also OCGA §§ 9-12-4 ("Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity."); 51-12-12 (a) ("The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case."); *Atlantic Coast Line R. Co. v. Stephens*, 14 Ga. App. 173, 176 (80 SE 516) (1914) (in construing verdicts, "every reasonable presumption sustaining their validity shall be indulged").

Viewed in the light most favorable to the jury's verdict, the evidence showed that Wright and Wilcox owned adjacent parcels of land in Jeff Davis County. Wilcox, who was approximately 80 years old at the time of this litigation, had lived on the property for almost 40 years. After Wright purchased the adjoining property in 1994, he asked the county to move a road in front of his home, but the county refused to do so without Wilcox's permission. After Wilcox refused to allow the road to be moved, Wright hired surveyors Merlin and Everette Tomberlin to mark the property lines, and Wright was present while Everette Tomberlin performed the survey. Prior to performing the survey, the Tomberlins failed to review a 1954 plat (the "Wooten

---

[1] Wright originally sued Wilcox for trespass based upon an allegation that Wilcox had cut down some timber on his land. Wilcox filed a counterclaim for trespass. The jury rejected Wright's claims.

Plat"), which had been recorded with Wilcox's deed in 1959. Wright did not notify Wilcox of the impending survey, and Wilcox only found out about it when he discovered Wright and Everette Tomberlin near the property line during the survey. At that time, Wilcox showed Wright and Tomberlin the property lines according to the Wooten Plat. Even so, relying upon the Tomberlin survey (hereinafter, the "Tomberlin Plat"), Wright sued Wilcox for trespass, claiming that Wilcox wrongfully removed timber from his property four years earlier. The service of this suit was the first notice Wilcox received regarding a dispute about his alleged trespass or the missing timber.

Wilcox counterclaimed against Wright for trespass, relying upon the Wooten Plat. Wilcox also contended that Wright negligently hired the Tomberlin surveying company, and that Everette Tomberlin, an unlicensed surveyor, negligently conducted the survey. As a result of Wright's claim against him for trespass, Wilcox had to hire another surveyor, Payne Copeland, to confirm the Wooten Plat's boundary lines.

At trial, Wilcox testified that Tomberlin and his employees, as Wright's agents, failed to ask for permission to enter his property and intentionally trespassed onto his property during the survey, that they drove over timber on his property with four-wheelers, and that they negligently placed several surveying stakes and at least one permanent iron pin on his property. Wilcox also testified that the shock and anxiety caused by Wright's trespass and the property line dispute caused him unnecessary emotional distress and exacerbated his diabetes. Regarding Wright's claim that Wilcox wrongfully cut down trees on Wright's property, the evidence presented at trial showed that those trees were, in fact, removed before Wright purchased the property.

In addition, Wilcox argued throughout the trial that he did not trespass onto Wright's property, and that the real reason Wright filed his trespass claim was to harass Wilcox for refusing to agree to the relocation of the road. According to Wilcox, Wright arranged for the Tomberlin survey because he hoped it would provide some "leverage" toward convincing the county to move the road. Notably, during the trial, Wright abandoned his reliance on the Tomberlin Plat, admitting that there were errors in the survey.

After hearing the evidence and reviewing the various plats, the jury found that the southern boundary of Wright's property was as depicted in the Wooten Plat. The jury rejected Wright's trespass claim, and found for Wilcox on his counterclaim, awarding him $22,000 in damages.[2] Wright moved for a j.n.o.v., a new trial, or a

---

[2] The jury rejected Wilcox's claims for attorney fees and punitive damages.

new trial as to damages only. See OCGA § 51-12-12 (b). The trial court denied the motion, and this appeal followed.

1. On appeal, Wright argues that there was insufficient evidence of special or general damages to support an award, and contends that, at most, Wilcox was entitled to nominal damages in the amount of $500 or $1,000. We find this contention to be without merit.

When a landowner has demonstrated that a trespass has occurred,

> general damages do not have to be proven with any "amount to an absolute certainty" for recovery of such damages. When there has been a tortious invasion of the property of another, i.e., trespass, such tortious conduct gives rise to the right to recover nominal damages to vindicate such right. As to general damages, where there is such a wrongful interference with the comfortable enjoyment of property by a person in possession, no precise rule for ascertaining damage can be given; therefore the [jurors] are left to say what, in their judgment, the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the trespass.

(Citations and punctuation omitted.) *Lanier v. Burnette*, 245 Ga. App. 566, 570-571 (3) (538 SE2d 476) (2000); see also OCGA § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie.").

In this case, the evidence showed that Wright and Tomberlin trespassed onto Wilcox's property, damaged his timber, and placed a permanent survey pin. As a result of this wilful trespass, Wilcox suffered significant emotional and physical discomfort. Therefore, the jury could hold Wright liable for general and nominal damages. Id. Based upon the record before us on appeal, the trial court's finding that the jury's award was within the range of evidence presented at trial is not clearly erroneous. *In re Copelan*, 250 Ga. App. at 856, n. 1. Accordingly, there was no error in the trial court's denial of Wright's motion for a new trial.

2. Further, Wright contends the jury awarded $22,000 as nominal damages, and that this award was excessive as a matter of law. We have already recognized in Division 1, supra, that there was evidence to support an award of both general and nominal damages. The jury in this case did not specify whether the damages awarded were given as general or nominal damages, or a combination of both. Pretermitting whether the jury's award was, in fact, intended to represent nominal damages only, however, Wright was not entitled to

have the award set aside simply because he considers the amount to be unacceptably large. ·

> Nominal damages are generally defined as a trivial sum awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved. However, in Georgia, the term "nominal damages" is purely relative, and carries with it no suggestion of certainty as to amount. Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, vary almost indefinitely.

(Citations and punctuation omitted.) *First Fed. Sav. &c. Assn. v. White*, 168 Ga. App. 516-517 (3) (309 SE2d 858) (1983). "In some cases a very small amount might constitute the trivial sum contemplated by the term 'nominal damages'; in others a much larger amount might measure down to the same standard of triviality." *Sellers v. Mann*, 113 Ga. 643, 644 (39 SE 11) (1901). And even though a verdict for nominal damages may be apparently large in its amount, it cannot be set aside simply because the amount is large, absent evidence of prejudice or bias in any incident at trial or a mistake on the part of the jury. *Atlantic Coast Line R. Co. v. Stephens*, 14 Ga. App. at 174.

Under the circumstances presented in this case, where no evidence of mistake or prejudice by the jury has been alleged or proven, we reject Wright's contention that the trial court should have set aside the award based upon the argument that $22,000 is an excessive nominal damages award as a matter of law. See *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 253-254 (3) (329 SE2d 918) (1985) (finding that an allegation that a nominal damages award was excessive as a matter of law did not serve as a basis for directing a verdict or granting a j.n.o.v.), reversed in part on other grounds, *Diedrich v. Miller & Meier & Assoc.*, 254 Ga. 734 (334 SE2d 308) (1985).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 6, 2003.

*William J. Edgar*, for appellant.
*Ken W. Smith*, for appellee.