## A05A0148. ROBERTS v. ADERHOLD.
(615 SE2d 761)

PHIPPS, Judge.

In this medical malpractice action by parents for the wrongful death of their child, the jury returned a verdict in favor of the plaintiffs but awarded them no damages. The question on appeal is whether the trial court abused its discretion in granting the father's motion for new trial on the issue of damages only. We find no abuse of discretion and affirm.

Plaintiffs, Maurice Aderhold and LaToya Hillman, conceived a child. Defendants, Dr. James Roberts and Dr. Robert Williams, provided Hillman with prenatal medical care. After the child was delivered stillborn, plaintiffs sued to recover for the child's wrongful death. During the proceedings below, plaintiffs claimed that Hillman's gestational diabetes caused the stillbirth, and they charged

defendants with negligence in failing to diagnose Hillman's condition. Defendants denied that they were negligent, and they charged Hillman with negligence in failing to disclose her family history of diabetes and in failing to follow their medical instructions. Negligence by Aderhold was not alleged.

The claims against Williams were settled before trial. At trial, the jury returned a verdict "in favor of the plaintiffs and against the defendant [Roberts] in the sum of $ -0-." Alternatively, under the verdict form, the jury could have found "in favor of the defendant." After the trial court entered judgment on the verdict, both Aderhold and Hillman moved for a new trial. The trial court ruled that Aderhold, but not Hillman, was entitled to a new trial and that the amount of damages was the only issue to be decided on retrial. In so ruling, the court determined that the jury was authorized to return a verdict in favor of Hillman awarding her no damages, but that the jury was not authorized to return a verdict in favor of Aderhold awarding him no damages. According to the trial court, the jury was authorized to find that the negligence of Roberts combined with the negligence of Hillman to cause the child's death and that Hillman's contributory negligence was of such degree as to bar her recovery of damages against Roberts, but the jury was not authorized to return such a verdict as to Aderhold because there was no evidence of negligence by him. We granted Roberts's application for interlocutory appeal.

1. Roberts argues that the trial court erred in not interpreting the verdict as being based on a finding that he was not negligent. Roberts also argues that because the verdict awarded the plaintiffs no damages, the trial court was obligated to enter judgment on the verdict for the defense.

Recovery of damages is dependent on the applicable law and evidence.[1]

> In order to maintain a cause of action for ordinary or professional negligence, a plaintiff must prove the following elements: (1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff. [Cits.][2]

"Verdicts shall have a reasonable intendment and shall receive a

---

[1] *First Union Nat. Bank of Ga. v. Big John's Auto Sales*, 203 Ga. App. 797, 800 (6) (417 SE2d 416) (1992).

[2] *Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 591-592 (2) (569 SE2d 242) (2002), aff'd, 276 Ga. 270 (578 SE2d 106) (2003).

reasonable construction. They shall not be avoided unless from necessity."[3] Therefore, verdicts are presumed valid, and if possible a construction will be given which will uphold them.[4] There is also a presumption that the verdict of a jury is based on a fair consideration of all matters presented to it.[5]

Applying the foregoing presumptions, while giving the verdict a reasonable construction, the trial court was authorized to conclude that by returning a verdict "in favor of the plaintiffs," rather than "in favor of the defendant," the jury found that Roberts had breached a duty of care owed to the plaintiffs, that he had been negligent, and that any contributory negligence by Hillman was not the sole proximate cause of the child's death, but that the plaintiffs should not recover damages.[6] Under the facts of this case, however, Georgia law would not prohibit a recovery by Aderhold, although it might prohibit a recovery by Hillman.

If a jury finds that the defendant was negligent and that the plaintiff was also guilty of negligence which contributed to the injuries, Georgia's comparative negligence rule provides that the plaintiff cannot recover if her negligence was "equal to or greater than" that of the defendant.[7] But in wrongful death actions under OCGA § 19-7-1, the contributory negligence of a parent generally defeats recovery only in that parent.[8]

[T]he contributory negligence of one beneficiary in a wrongful death action does not defeat recovery when the right to recovery exists in multiple beneficiaries. [Cit.] Under Georgia law, the cause of action for the death of a child belongs to both parents jointly. [Cit.] Consequently, . . . contributory negligence . . . by [one of the parents] will not defeat recovery for [the other]. [Cit.][9]

Moreover,

where the negligence of [one wrongful death beneficiary] and the defendant combine[s] to proximately cause the

---

[3] OCGA § 9-12-4.

[4] *Rucker v. Camden Tel. &c. Co.*, 181 Ga. App. 504, 505 (353 SE2d 50) (1987).

[5] *Wright v. Satilla Rural Elec. Coop.*, 179 Ga. App. 230, 232 (2) (345 SE2d 892) (1986).

[6] See generally *North Ga. Elec. Membership Corp. v. Webb*, 246 Ga. App. 316, 319 (2) (540 SE2d 271) (2000).

[7] *Whelan v. Moone*, 242 Ga. App. 795, 796 (2) (531 SE2d 727) (2000).

[8] *Fulford v. ITT Rayonier*, 676 FSupp. 252, 254 (S.D. Ga. 1987).

[9] Id. at 254-255.

death of [the decedent], the negligence of the [one beneficiary] d[oes] not bar the [other beneficiary's] recovery even though the negligence of the [one beneficiary] was equal to or greater than the negligence of the defendant.[10]

Construing the evidence in a light most favorable to support the verdict, the trial court determined that the jury was authorized to find that even though Roberts was negligent, Hillman's contributory negligence was equal to or greater than that of Roberts and thus defeated her right of recovery. Therefore, her motion for new trial was appropriately denied. Under Georgia law, however, Hillman's contributory negligence would not defeat Aderhold's right of recovery; and it is undisputed that Aderhold was not chargeable with any contributory negligence.

As argued by Roberts, "[g]enerally, a zero damages verdict does result in a verdict for defendant."[11] Therefore, a judgment for the defendant generally should be entered on such a jury verdict;[12] this is not, however, invariably true.[13]

In *Peterson*,[14] we held that a jury verdict in favor of the plaintiff that awarded him no damages was not improper, as the evidence authorized the jury to find that (even if the defendant was negligent) the plaintiff had caused his own injuries. In *Palmer*,[15] we held that a jury returning a verdict such as the one in *Peterson* was authorized to find under the evidence that the plaintiff had not sustained any compensable damages as the proximate result of a collision (even if caused by the defendant's negligence). In *Gielow*,[16] we found no error in the trial court's entry of judgment for the defendant on a jury verdict in favor of the plaintiffs but awarding them no damages, holding that the evidence authorized but did not demand a finding that the plaintiffs were entitled to damages.

On the other hand, in *Rucker*,[17] we found that the verdict was not responsive to the issues and void for uncertainty, where the jury had

---

[10] *Matthews v. Douberley*, 207 Ga. App. 578, 581-582 (1) (428 SE2d 588) (1993).

[11] *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 758 (6) (493 SE2d 132) (1997).

[12] See *Multimedia Technologies v. Wilding*, 262 Ga. App. 576 (586 SE2d 74) (2003); *Peterson v. First Franklin Financial Corp.*, 201 Ga. App. 849 (412 SE2d 612) (1991); *Palmer v. Barnes*, 193 Ga. App. 105 (387 SE2d 44) (1989); *Gielow v. Strickland*, 185 Ga. App. 85, 87 (4) (363 SE2d 278) (1987); *Meadows v. Douglas County Fed. &c.*, 169 Ga. App. 150, 151 (1) (312 SE2d 169) (1983).

[13] See *Heinemann*, supra; *Moore v. TCI Cablevision of Ga.*, 235 Ga. App. 796 (510 SE2d 96) (1998); *Rucker*, supra.

[14] Supra.

[15] Supra.

[16] Supra.

[17] Supra.

found for the plaintiff but, contrary to instructions that it insert either "none" or "sum awarded" in spaces providing for the amount of damages, had left the spaces blank. In *Moore*,[18] the jury returned a verdict in favor of the plaintiffs against the defendant but in the amount of zero dollars. In that case, it was undisputed that the plaintiffs suffered injuries as a result of the defendants' negligence and that the plaintiffs were not guilty of contributory negligence. The plaintiffs in *Moore* moved for a new trial under OCGA § 51-12-12, arguing that the award of damages was inadequate. Under OCGA § 51-12-12 (a), "[t]he question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." The trial court denied the plaintiffs' motion for new trial in *Moore*. We found an abuse of discretion and reversed, holding that a verdict in plaintiffs' favor but awarding zero damages was strongly against the weight of the evidence. We also noted a real probability that the jury was confused over issues related to claims by other parties tried in the same case.

This case is analogous to *Moore*. The trial court was authorized to conclude that the return of a verdict in favor of Aderhold with an award of zero damages necessarily reflected either a jury finding that Hillman's contributory negligence barred a recovery by Aderhold or that, even though Roberts was liable for the child's death, Aderhold was not injured by it. Roberts does not dispute that, under the facts of this case, the trial court was authorized to find that a determination by the jury that Aderhold suffered no injuries as a result of his child's death was inconsistent with a preponderance of the evidence. And, for reasons previously given, any determination by the jury that Hillman's negligence barred an award of damages to Aderhold was contrary to the law and the issues raised by the pleadings,[19] and probably resulted from confusion by the jury as to the legal effect of Hillman's contributory negligence on Aderhold's right of recovery. Consequently, the court did not abuse its discretion in granting Aderhold's motion for new trial.

2. The trial court did not err in limiting retrial to the issue of damages only.

OCGA § 51-12-12 (b) generally provides that, "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only. . . ."

---

[18] Supra.

[19] See generally *Hubbard v. Whatley*, 200 Ga. 751, 758 (2) (38 SE2d 738) (1946).

It is true that

> in a comparative-negligence case, the recovery of damages and the liability of the defendant are issues which are "inextricably joined." [Cit.] . . . It follows that reversal of the judgment entered on a general verdict for the plaintiff in a case in which comparative negligence will be an issue on retrial necessarily mandates that the retrial encompass both the issues of damages and liability. [Cits.] On retrial, the issue of damages cannot be addressed without also addressing the extent to which [the respective] party's negligence proximately caused the injury to the plaintiff.[20]

Aderhold's action against Roberts does not, however, bring into play the rule of comparative negligence. Where, as here, the parents are living together and not divorced, the right to recover the full value of the life of their child is in both parents jointly.[21] Consequently, Aderhold may sue Roberts for one-half the full value of his deceased child's life.[22] And, regardless of Roberts's degree of negligence in relation to Hillman's, Aderhold may recover his entire loss from Roberts.[23] Whether to allow Roberts to enforce a right of contribution from Hillman in this action is a matter addressing itself to the discretion of the trial court.[24]

3. We cannot agree with any of the positions taken by the dissent. As pointed out by the dissent, the decisions in *Heinemann*[25] and *Moore*[26] were based on the particular facts of those cases. So too is our decision here.

According to the dissent, *Heinemann* and *Moore* are distinguishable, because this jury could have concluded that, although Aderhold was not negligent, the negligence of Hillman (or of Hillman and Williams) exceeded that of Roberts and was the supervening cause of his damages. But by returning a verdict "in favor of the plaintiffs," the jury must have found that Roberts was chargeable with a degree of negligence which bore some proximate causal relationship to the

---

[20] *Bridges Farms v. Blue*, 267 Ga. 505, 505-506 (480 SE2d 598) (1997).

[21] See OCGA § 19-7-1 (c) (1), (c) (2) (A).

[22] See *Matthews*, supra, 207 Ga. App. at 583 (2); compare *Winding River Village Condo. Assn. v. Barnett*, 218 Ga. App. 35, 37 (3) (459 SE2d 569) (1995).

[23] See *Coweta County v. Adams*, 221 Ga. App. 868, 871 (2) (473 SE2d 558) (1996).

[24] See generally *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 506 (7) (497 SE2d 269) (1998). If the trial court were to allow Roberts to enforce a right of contribution in this proceeding, the trial would be put back in a comparative-negligence posture with liability as well as damages being in issue.

[25] Supra.

[26] Supra.

child's death. And the rules, as shown in Divisions 1 and 2, are that the contributory negligence of one beneficiary in an action for the wrongful death of the child does not defeat the other beneficiary's recovery against a third-party tortfeasor, even if the third party's negligence is less than that of the co-beneficiary. The dissent also posits that the verdict in this case for the plaintiffs but for $0 damages could be upheld by concluding that the jury found that Roberts breached no duty to Hillman or Aderhold. But, again, such a conclusion by the jury would have compelled a judgment in favor of Roberts. Moreover, it is undisputed that Roberts owed Hillman the duty of care that flows from physician to patient.

Giving the verdict a reasonable construction, the trial court was authorized to interpret the jury verdict as based on findings that Roberts was negligent, and that his negligence played a proximate causal role in the child's death, but that Aderhold should not recover damages.

A review of the trial court's instructions to the jury demonstrates how the jury's failure to award damages to Aderhold could have been based on legal confusion. In charging the jury on the complex rules involving contributory negligence and their effect on tort plaintiffs' rights to recover damages in multibeneficiary wrongful death actions, the court did not distinguish between plaintiff Hillman and plaintiff Aderhold; instead, the court simply made generic reference to "the plaintiff." Logically, this could have led the jury to erroneously conclude that Hillman's contributory negligence barred recovery by Aderhold.

Citing *Todhunter v. Price*,[27] *Queen v. Lambert*,[28] and *First Union Nat. Bank v. Boykin*,[29] the dissent also asserts that Aderhold waived his right to challenge the verdict by failing to object to its form prior to discharge of the jury. We cannot agree. Both Aderhold and Hillman moved for a new trial on the general grounds. The trial court's grant of Aderhold's motion for new trial was predicated on its determination that the jury's award of no damages to him was contrary to the evidence. "Even after verdict, the court has nearly plenary power to grant a new trial. The first grant of a new trial to either party is not to be reversed by an appellate court unless the verdict set aside by the trial court was absolutely demanded."[30] Moreover, the cases cited by the dissent involved situations in which either the trial court denied a motion for new trial or no motion for new trial was filed. The

---

[27] 248 Ga. 411, 412 (1) (283 SE2d 864) (1981).

[28] 259 Ga. App. 385, 387 (1) (577 SE2d 72) (2003).

[29] 216 Ga. App. 732, 735 (1) (455 SE2d 406) (1995).

[30] *Redman Homes v. Voss*, 212 Ga. App. 404, 406 (1) (441 SE2d 792) (1994) (citations and punctuation omitted).

judgments were affirmed because of the appealing parties' failure to object to the form of the verdict. This case presents a situation in which the trial court has granted a motion for new trial on general grounds. The rule requiring objections to the form of the verdict was not preclusive.

*Judgment affirmed. Ruffin, C. J., Johnson, P. J., Blackburn, P. J., and Bernes, J., concur. Andrews, P. J., and Mikell, J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because I believe the verdict of $0 for plaintiffs Aderhold and Hillman was legally a verdict for defendant Roberts and the grant of Aderhold's motion for new trial was an abuse of discretion, I must respectfully dissent.

The majority acknowledges that "[g]enerally, a zero damages verdict does result in a verdict for defendant." *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 758 (6) (493 SE2d 132) (1997). See also, e.g., *Multimedia Technologies v. Wilding*, 262 Ga. App. 576, 578 (1) (586 SE2d 74) (2003); *Gielow v. Strickland*, 185 Ga. App. 85, 87 (4) (363 SE2d 278) (1987). The majority then, however, based on *Heinemann*, supra; *Moore v. TCI Cablevision &c.*, 235 Ga. App. 796, 798 (1) (510 SE2d 96) (1998); and *Rucker v. Camden Tel. &c. Co.*, 181 Ga. App. 504 (353 SE2d 50) (1987), attempts to force this case into the narrow exceptions to this rule represented by these three cases, which are not applicable here.

In *Heinemann*, supra, the jury did not return a general damages verdict as the jury in this case did, but answered special interrogatories indicating defendants had misappropriated and used trade secrets, but did not assess any damages against them. The Supreme Court found that, in that particular situation, a verdict in defendants' favor was not demanded and a new trial should be granted.

*Moore*, supra, involved guest passengers of O'Neal injured in a collision with a truck driven by McLeod, TCI's employee. No preexisting medical conditions which would have diminished the Moores' damages were shown, nor did the fact that they may not have been wearing seat belts diminish their recovery as a matter of law. Id. at 799 (2). This Court concluded that

> [u]nder the particular facts of this case, this leaves the Moores, as guest passengers, in the legal situation that their injuries and damages resulted from only one of three possibilities: Either their injuries resulted solely from the negligence of O'Neal, or solely from the negligence of McLeod, or from the combined negligence of both these drivers in causing this collision. The only way to correct this situation is to

> grant a new trial on the general ground, and it was error to
> fail to do so.

Id.

There, however, unlike the present situation, both of the parties who could possibly have been responsible for the damages had been sued. Here, the mother of the child was not named by Aderhold as a defendant. Therefore, this jury could have concluded that, although Aderhold was not negligent, the negligence of Hillman,[31] who at that time was not his wife, exceeded that of Roberts and was the supervening proximate cause of his damages. *Humphreys v. Kipfmiller*, 237 Ga. App. 572 (1) (515 SE2d 878) (1999); see *Reid v. Midwest Transp.*, 270 Ga. App. 557, 562 (3) (607 SE2d 170) (2004). In *Humphreys*, supra, Humphreys was a passenger in Paulson's car, traveling on a through street. Defendant Kipfmiller was traveling on a side street controlled by a stop sign at the intersection with the through street. Kipfmiller, having first stopped at the stop sign, looked twice for oncoming traffic and turned left onto the through street, into Paulson's car's path. Humphreys sued only Kipfmiller who argued that Paulson's speed was the sole proximate cause of the collision. A defense verdict was returned and this Court affirmed the denial of Humphreys's motions for new trial and j.n.o.v., finding that the jury had three options: (1) concluding that both drivers violated the law and the negligence of each was a contributing proximate cause of the collision; (2) Kipfmiller breached his duty under the law and was the sole proximate cause of the collision; or (3) Kipfmiller did not breach his duty and Paulson's speed was the sole proximate cause of the collision. The verdict in this case for the plaintiffs but for $0 damages would be upheld by concluding that the jury found that (1) Roberts breached no duty to Hillman or Aderhold; (2) although Roberts may have breached a duty, that breach was not the proximate cause of the child's death, but the acts or failures to act of Hillman were the sole proximate cause of the death;[32] or (3) acts or failures to act of Dr. Williams alone or of Dr. Williams and Hillman combined were the proximate causes of the death.

In *Rucker*, the jury was instructed to indicate on the verdict form as to each count a finding of liability in one blank space and, if liability were found, then to indicate in the damages space either "none" or "sum awarded." Rather than do this, however, the jury found against

---

[31] Hillman weighed 267 pounds, approximately 100 pounds over ideal weight, and her health history, taken by Roberts, did not reflect her family history of diabetes.

[32] On April 29, 1996, Hillman spoke with nurse practitioner Roby and Dr. Williams, whom she had seen on April 25, 1996, and complained of abdominal pain and blurred vision. She was told by Roby and Dr. Williams to go to the hospital, but she did not go. The baby was discovered stillborn on May 2, 1996.

plaintiff on Count 1, noting "none" as damages; found for the plaintiff on Count 2, but left blank the space for damages; and found for plaintiff on Count 3, awarding $10 nominal damages, but again leaving blank the space for punitive damages. Id. at 505. The jury indicated that it did not intend to award no damages on Counts 2 and 3, but was confused as to the damages issue. The trial court nonetheless made this verdict the judgment of the court. That judgment was properly found void because the jury indicated it intended to award some damages but was confused and the verdict was incomplete and uncertain.

In this case, no such uncertainty exists. Instead, as in *Palmer v. Barnes*, 193 Ga. App. 105 (387 SE2d 44) (1989), in a verdict for the plaintiff, there was a handwritten entry of "$0" which is a definite sum as damages. This Court upheld the verdict, finding that the jury could have concluded that the plaintiff had not sustained any compensable damages as the proximate result of the collision at issue.

The majority also appears to have disregarded the rules for our review of verdicts and the grant of motions for new trial on the basis of claimed impropriety in the verdict and judgment.

> " 'The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge. (Cits.) . . . *The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them.* (Cit.) *Even if the verdict is ambiguous . . . and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied.* (Cit.)' (Cit.)" *West Ga. Pulpwood v. Stephens*, 128 Ga. App. 864, 870 (198 SE2d 420) (1973). See also *Rucker v. Camden Tel. &c. Co.*, [supra].

(Emphasis supplied.) *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683, 686 (2) (a) (382 SE2d 721) (1989). See also *Wright v. Wilcox*, 262 Ga. App. 659, 660 (586 SE2d 364) (2003).

Here, I believe that the most that could be said about the verdict returned, even assuming that it was not, as a matter of law, a defendant's verdict, was that it might be vague, ambiguous, or contradictory. Here, following the return of the jury's verdict, the jury members were polled and all affirmed that the verdict was, in fact, their own. Following that, plaintiffs' counsel stated that he had no problems with the form of the verdict. Further asked if he had objection to the discharge of the jury, plaintiffs' counsel also stated that "I think that's appropriate. . . ."

Under these circumstances,

the meaning and effect of the verdict must have been clear to the parties. If either party felt the verdict was vague and ambiguous, objection should have been made when the verdict was returned so that the jury could clarify its meaning. [Cits.] A verdict which is not as specific as it could be but which is capable of being reduced to judgment will not be set aside on appeal where no timely objection was made thereto. See [OCGA § 9-12-4]. Upon hearing an imprecise verdict rendered[,] a litigant should not sit silently by, hoping to gain a retrial by failing to object. [Cit.]

*Todhunter v. Price*, 248 Ga. 411, 412-413 (1) (283 SE2d 864) (1981).

By failing to object, Aderhold waived his right to challenge any inconsistency in the revised verdict. *Todhunter*, supra; *Queen v. Lambert*, 259 Ga. App. 385, 387 (1) (577 SE2d 72) (2003); *First Union Nat. Bank v. Boykin*, 216 Ga. App. 732, 735 (1) (455 SE2d 406) (1995).

This argument was made by Roberts in opposition to Hillman's and Aderhold's motion for new trial.

Therefore, I believe the grant of a new trial to Aderhold was an abuse of discretion.

I am authorized to state that Judge Mikell joins in this dissent.

DECIDED MAY 12, 2005 —
RECONSIDERATION DENIED JUNE 15, 2005 — 

Hall, Booth, Smith & Slover, John E. Hall, Jr., Roger G. Martin, Jason D. Hergenroether, for appellant.
Orr & Edwards, W. Fred Orr II, James G. Edwards II, James S. Lewis, for appellee.